**In re VERMONT REAL ESTATE INVESTMENT TRUST, Debtor.**

**Bankruptcy No. 82–00033.**

United States Bankruptcy Court, D. Vermont.

Nov. 1, 1982.

Wyman Smith, as trustee for the debtor.

Ronald A. Fox, Montpelier, Vt., for Charles Crowell and Crowell England and Co.

David Putter, Montpelier, Vt., for Elizabeth Gentile.

James F. O'Neill, for Howard Bank, Administrator for the Sawyer Estate.

Douglas J. Wolinsky, Burlington, Vt., for Committee of Unsecured Creditors.

William B. Gray, Rutland, Vt., for Margaret Baird.

Julian Goodrich, Gibson, Noble & Goodrich, Montpelier, Vt., for the debtor.

E. Bruce Weber, Brattleboro, Vt., for Dr. Felix Sommer.

Matthew Katz, Burlington, Vt., for the Merchants Bank.

William Mikell, Burlington, Vt., William A. Fead, Montpelier, Vt., for Shareholders' Committee.

Hiram Hunn, Plainfield, Vt., for Cody Management Ass'n, Inc.

John Primmer, St. Johnsbury, Vt., for Judy Walke, et al. as former trustees of the debtor.

T.G. Hedges, pro se.

MEMORANDUM AND ORDER ON APPLICATION OF DEBTOR FOR AUTHORIZATION TO PROCEED WITH CASH PAYMENTS TO SETTLE CLAIMS FOR GOODS AND SERVICES

CHARLES J. MARRO, Bankruptcy Judge.

The Debtor seeks authorization to proceed with cash payments on its proposal to liquidate miscellaneous claims listed in its bankruptcy schedules. In presenting its proposal at the hearing on October 14, 1982, the Debtor, represented by Wyman Smith, indicated that it would seek to settle approximately $23,000.00 of claims for $7000.00.

Mr. Smith stated that the proposal would in effect pay the miscellaneous unsecured creditors 30% of their claims, and would correspondingly eliminate administrative expense that would subsequently be incurred. Counsel for the Shareholders' Committee; Counsel for Margaret Baird; and Julian Goodrich, as the Debtor's Counsel of record, stated their support for the proposal. Mr. Goodrich stressed that the proposal would avoid substantial administrative expense.

Opposition to the proposal was made by not only Counsel for Cody Management Association, Inc., and that of the Sawyer Estate, but also by the Creditors' Committee. Mr. Wolinsky, as Counsel for the Creditors' Committee, indicated his preference for treating all of the creditors simultaneously in the plan for reorganization. He further suggested that at this point in the case, it would not be proper to pay certain miscellaneous creditors.

The Court agrees with the arguments of the Creditors' Committee. The goals of reorganization are not served by the piecemeal administration of the estate prior to the development of a plan. While it may appear in the short run that certain administrative expenses would be reduced by random payments made prior to the filing of a plan, consideration should also be given to whether such payments will produce untold repercussions that will subsequently prevent a successful reorganization.

In the instant application it is simply not equitable to settle certain claims prior to the filing of a plan. A premature settlement will only result in a detriment to the settling creditors if the reorganization succeeds and a greater value is available for distribution. In addition the proposed pay-

ments may also be detrimental to the other creditors if the reorganization fails and the estate has to be liquidated.

## ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED that the application of the Debtor for authorization to proceed with cash payments of 30% to settle certain claims for goods and services is DENIED.