**In re JON CO., INC., a Colorado corporation, Debtor.**

**JON CO., INC., a Colorado corporation, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

Civ. A. No. 83–K–631.
Adv. No. 82–MC–2519.

United States District Court,
D. Colorado.

June 22, 1983.

Richard D. Clark, Denver, Colo., for plaintiff.

Robert N. Miller, U.S. Atty., Denver, Colo., Susan Souder, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## OPINION

KANE, District Judge.

This case presents an issue of first impression in this circuit and reflects a split of authority between two other circuit courts. It is an appeal from an order of the bankruptcy court enjoining the Internal Revenue Service from enforcing a third-party summons issued pursuant to 26 U.S.C. § 7609(c)(2)(B). At issue is whether the bankruptcy court may enjoin the Service from collecting or attempting to collect a 100% penalty against responsible corporate officers and directors for failure to collect and pay over certain employment-related taxes.[1] For the reasons set forth below, I am remanding the case to the bankruptcy court.

The following facts, gleaned from the briefs and record on appeal, are germane. In August, 1982, the debtor and the Service agreed to the assessment and collection of approximately $128,828 in back employment and unemployment taxes. On November 29, 1982, the debtor sought relief and reorganization under Chapter 11 of the Bankruptcy Act. An automatic stay, pursuant to 11 U.S.C. § 362 issued on the same day. Unaware of the stay, the Service issued its first summons on November 29, 1982 to the First Interstate Bank of Fort Collins, requesting certain records pertaining to Jon Co., Inc. The first summons is not at issue here.

A second summons issued on December 9, 1982 to the same bank sought bank signature cards, corporate resolutions, bank statements and cancelled checks pertaining to Jon Co., Inc.'s accounts. Denominated a "collection summons," it sought this information to determine the feasibility of as-

---

**1.** 26 U.S.C. § 6672(a) provides as follows: "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable."

sessing a 100% penalty against Jon Co., Inc.'s corporate officers and directors for willful failure to withhold taxes. On December 10, 1982, Jon Co., Inc. filed an adversary proceeding in the bankruptcy court seeking, *inter alia,* an injunction against the government from enforcing the summons against the bank. The debtor filed an amended complaint in January, 1983. The case was heard on the merits by Judge McGrath on March 7, 1983.

The court's order of that date enjoined the government from enforcing the second summons on the grounds that it would affect "the operations of the Debtor and its efforts to propose a plan and [would interfere] with the reorganization efforts of the debtor." This appeal followed.

The government claims that: 1) the bankruptcy court had no jurisdiction over the debtor's complaint; 2) Jon Co., Inc. was without standing to challenge the third-party summons; and 3) the Anti-Injunction Act[2] forbids such an injunction from ever issuing.

Jon Co., Inc., the appellee here, argues that: 1) the broad jurisdictional grants of 28 U.S.C. § 1471 and 11 U.S.C. § 505 gave the court adequate jurisdiction; 2) it had standing to contest the third-party summons by virtue of the fact that enforcement would substantially interfere with its reorganization efforts; and 3) the bankruptcy court can enjoin the Service where failure to do so would materially affect the bankruptcy estate.

## JURISDICTION

The government claims the bankruptcy court was without jurisdiction over the debtor's complaint "since it does not arise under Title 11 ... is unrelated to a case under Title 11 and it involves no property of the debtor's estate." *Appellant's Brief* at 12. Instead, it says, this is a tax case and arises under the Internal Revenue Code. I do not agree that the court's jurisdiction is so limited. Section 1471 of Title

28, U.S.C., defines the scope of the jurisdiction of the bankruptcy court:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 *or arising in or related to cases* under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts. (Emphasis added.)

Additionally, section 505(a)(1) of title 11 provides that:

[T]he court may determine the amount or legality *of any tax, any fine or penalty relating to a tax,* or any addition to a tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction. (Emphasis added.)

Jon Co., Inc. initiated the adversary proceeding to enforce the automatic stay provisions of 11 U.S.C. § 362 against the government's attempt to collect a penalty occasioned by the debtor's failure to pay taxes. The subject matter of the complaint is *related to* a case arising under title 11. As such, the bankruptcy court had general jurisdiction. More specifically, the bankruptcy court had section 505(a)(1) jurisdiction to determine the legality of the penalty, even if it would not be assessed against the debtor. Section 505's jurisdictional grant, by its own terms, is not limited to a determination of the debtor's tax liability. *In Re H & R Ice Co., Inc.,* 24 B.R. 28 (Bkrtcy.W.D.Mo.1982); *In Re Major Dy-*

2. 26 U.S. § 7421.

*namics, Inc.,* 14 B.R. 969 (Bkrtcy.S.D.Cal. 1981).[3]

## STANDING

The government also claims that since any penalty assessable under § 6672 would be owed by persons other than the debtor, Jon Co., Inc. has no standing to challenge the third-party summons. "The debtor corporation incurs no harm from assessment and collection but rather is benefited by a reduction of corporate liability." *Appellant's Brief* at 11. The government correctly points out that § 6672 liability does not fall upon the debtor. From this, however, it does not follow that Jon Co., Inc. is without standing.

■■■ The gist of the question of standing is whether the party seeking relief has a sufficient personal stake in the outcome of the controversy to ensure concrete adversity and sharply defined issues. *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Judge McGrath specifically found that attempts to enforce the summons affected "the operations of the debtor and its efforts to propose a plan and [interfered] with the reorganization efforts of the Debtor." This finding is supported by the record. Paul Valentine, an attorney for Jon Co., Inc., testified to the difficulties associated with the tax liens and subsequent summonses served upon the bank. (Tr., 18–21.) Pat Donaldson, the Service agent responsible for serving the summons, testified she had been telephoning officers and shareholders to request information with which to pursue the 100% penalty. These efforts by the Service certainly threatened the debtor's ability successfully to reorganize itself, and provide Jon Co., Inc. a sufficient stake to proceed to the merits of the case.

---

**3.** The United States Tax Court has also recognized that changes in the Bankruptcy Act have led to a "vigorous exercise of the bankruptcy court's jurisdiction ..." thereby precluding jurisdiction in the tax court. *Graham v. Commissioner,* 75 T.C. 389, 398 (1980). *And see Sharpe v. Commissioner,* 69 T.C. 19 (1977); *Tatum v. Commissioner,* 69 T.C. 81 (1977), aff'd 612 F.2d 193 (5th Cir.1980); *Baron v. Commissioner,* 71 T.C. 1028 (1979).

## INJUNCTIVE RELIEF

The Anti-Injunction Act provides, in pertinent part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Section 7421 admits of several statutory exceptions, none of which are applicable here. The principal purpose of the statute is "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference...." *Bob Jones University v. Simon,* 416 U.S. 725, 736, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1973).

Jon Co., Inc. relies upon 11 U.S.C. § 105(a), which permits a bankruptcy judge to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Without direction or authority from the 10th Circuit, I am asked to make a policy choice between the government's need to collect taxes and the orderly administration of the Bankruptcy Act. The eighth and third circuits have split on whether a bankruptcy court can properly enjoin Service collection efforts. *See, Bostwick v. United States,* 521 F.2d 741 (8th Cir.1975); *Matter of Becker's Motor Transport, Inc.,* 632 F.2d 242 (3rd Cir. 1980).[4]

■■■ I believe that *Bostwick* is the better reasoned case and therefore choose to follow it:

[W]e do not believe that the 'anti-injunction statute' is relevant to the present case inasmuch as Congress has evidenced an intention to enact a complete scheme governing bankruptcy which overrides

---

**4.** It is worth noting that although the third circuit refused to grant equitable relief, it did grant declaratory relief, notwithstanding the Anti-Injunction Act and this language from 28 U.S.C. § 2201: *"except with respect to Federal taxes,* any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration." (Emphasis added.)

the general policy represented by the 'anti-injunction' act.

We believe that the overriding policy of the Bankruptcy Act is the rehabilitation of the debtor and we are convinced that the Bankruptcy Court must have the power ... to protect its jurisdiction, administer the bankrupt's estate in an orderly and efficient manner and fulfill the ultimate policy of the Bankruptcy Act. 521 F.2d at 744.

*And see, In Re H & R Ice Co., Inc.,* 24 B.R. 28 (Bkrtcy.S.D.Fla.1982); *In Re Otero Mills, Inc.,* 21 B.R. 777 (Bkrtcy.N.M.1982); *In Re Major Dynamics, Inc.,* 14 B.R. 969 (Bkrtcy. S.D.Calif.1981).[5]

█ Although I find that the collection summons for the § 6672 penalty may be enjoined, this does not resolve the issue of whether the injunction should have been issued. A debtor seeking injunctive relief must show:

1) Irreparable harm to the bankruptcy estate if the injunction does not issue;

2) A strong likelihood of success on the merits;

3) No harm or minimal harm to the other parties or party; and

4) A determination of what action better serves the public interest.

*See In Re H & R Ice Co., Inc., supra* at 32; *In Re Otero Mills, Inc., supra* at 779; *In Re Major Dynamics, Inc., supra* at 972. These issues were not addressed at the March 7, 1983 hearing. Accordingly, I remand to the bankruptcy court for specific findings in accordance with the foregoing criteria. The bankruptcy court should assess the potential harm to the estate should the Service collect or attempt to collect the 100% penalty from persons other than the debtor, and such collection efforts' effect, if any, on the articulated plan of reorganization. The government should be given the opportunity to present its claims concerning the intricacies of the statutes of limitations, which it presses upon me here for the first time, so that the bankruptcy judge is presented with all issues which may become the subject of further review.

IT IS HEREBY ORDERED that this case is remanded to the bankruptcy court for further proceedings in conformance with the view expressed herein.

---

**5.** *Bostwick* was decided under the *Bankruptcy Act* which has since been replaced by the *Bankruptcy Reform Act of 1978,* P.L. No. 95–598, 92 Stat. 2549. The basic policies of the two remain the same.