In the Matter of HUCKABEE AUTO
COMPANY, Debtor.

In Matter of HUCKABEE PROPER-
TIES, INC., Debtor.

Bankruptcy Nos. 80–00151–Mac,
80–00152–Mac.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

March 14, 1984.

Joseph J. Burton, Jr., Swift, Currie, McGhee & Hiers, Atlanta, Ga., for debtors.

Victoria J. Sherlock, Atty., Tax Div., Dept. of Justice, Washington, D.C., Lillian Lockary, Asst. U.S. Atty., Macon, Ga., for I.R.S.

## MEMORANDUM OPINION ON JURISDICTION OF THE COURT OVER PROOF OF AND OBJECTION TO CLAIM

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

### STATEMENT OF THE CASE

On February 8, 1980, Huckabee Auto Company and Huckabee Properties, Inc., Debtors, filed their petitions under Chapter 11 of the United States Bankruptcy Code. These cases were consolidated by the Court on April 21, 1981. On January 28, 1982, Debtors' Chapter 11 plan was confirmed by the Court.

On June 17, 1983, Debtors filed a "Proof of and Objection to Additional Claim of the Internal Revenue Service" pursuant to section 501(c) of the Bankruptcy Code.[1] On July 14, 1983, Debtors filed an "Amendment to Proof of and Objection to Additional Claim of the Internal Revenue Service." In response to Debtors' proof of claim and objection, the Internal Revenue Service (IRS) filed its "Opposition to Claim Filed by Debtors on Behalf of Internal Revenue Service." The matter came on to be heard on August 22, 1983, at which time the Court heard evidence on the IRS's opposition to the Court's exercise of jurisdiction over the proof of claim and the objection filed by Debtors.

After reviewing the evidence and considering the arguments and briefs of counsel, the Court is of the opinion that it has jurisdiction over the claim and objection filed by Debtors. In support of its conclusion, the Court publishes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

At the time Debtors filed their Chapter 11 petitions, Debtors had not paid certain federal employment and withholding taxes for certain portions of 1980. The IRS submitted a proof of claim in the Huckabee Auto Company Chapter 11 case, which included a claim for the withholding and employment taxes.[2] On January 28, 1982, the Court confirmed Debtors' third plan of reorganization, which provided for the full payment of all allowed claims of the IRS. The plan called for the payment of the section 507(a)(1)[3] claim of the IRS in full upon the effective date of the plan. Under Debtors' plan, the section 507(a)(6)[4] claim of the IRS is being paid over a sixty-month period. The evidence reveals that the section 507(a)(6) payments to the IRS are being made timely by Debtors.

By letters and IRS forms dated June 9, 1983, the IRS notified Mr. Leo B. Huckabee, Jr., chairman of the board of Debtor Huckabee Auto Company, and Mr. Leo B. Huckabee III, president of Debtor Huckabee Auto Company, of its intention to assess a 100 percent penalty in the amount of $19,771.04 against them for Debtors' unpaid employment and withholding tax liability for the first quarter of 1980.[5]

---

1. 11 U.S.C.A. § 501(c) (West 1979).

2. The original claim of the IRS was filed on March 12, 1981. Amended claims were filed April 16, 1982, and August 19, 1983.

3. 11 U.S.C.A. § 507(a)(1) (West 1979).

4. 11 U.S.C.A. § 507(a)(6) (West 1979).

5. The IRS's proposed assessment is based upon 26 U.S.C.A. § 6672(a) (West 1967 & Supp.1983), which provides, in part:

   Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment

Mr. Leo B. Huckabee III testified that although his annual salary is $41,000.00, he would not be able to pay the penalty. He further testified he has no assets and that payment of the penalty would have to come from Debtors' funds. Mr. Leo B. Huckabee, Jr., testified that he could not pay the penalty from his $40,000.00 yearly salary, and that he has no assets to liquidate. He also testified that payment of the penalty would have to come from Debtors' funds. Both Mr. Leo B. Huckabee, Jr., and Mr. Leo B. Huckabee III testified that payment of the penalty by Debtors would impair Debtors' effort to implement their confirmed plan of reorganization, over which the Court has retained jurisdiction. The IRS presented no evidence to rebut this testimony.

## CONCLUSIONS OF LAW

■ The IRS has raised several objections to the Court's exercise of jurisdiction. The IRS first argues that this case does not present a "case or controversy" within the meaning of U.S. Const., art. III, § 2 in that Debtors lack standing to challenge the personal assessments against their corporate officers. Standing to litigate is an aspect of the "case or controversy" requirement. *Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Standing requires that the plaintiff allege "such a personal stake in the outcome of the controversy as to assure that concrete adverseness" will follow. *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). Generally, standing depends on the particular circumstances of a case. *United States v. Federal Power Commission*, 345 U.S. 153, 73 S.Ct. 609, 97 L.Ed. 918 (1953).

■ In *Jon Co., Inc. v. United States (In re Jon Co., Inc.)*, 30 B.R. 831, 10 B.C.D. 1005 (D.Colo.1983), subsequent to the cor-

thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over....

porate debtor's petition under Chapter 11 of the Bankruptcy Code, the IRS sought to collect information from the debtor's bank to determine the feasibility of assessing a 100 percent penalty under 26 U.S.C.A. § 6672(a) against the officers of the debtor for willful failure to withhold taxes. The bankruptcy court enjoined the IRS, reasoning that the penalty would adversely affect the debtor's attempt to reorganize.

On appeal to the district court, the bankruptcy court's decision was affirmed. The district court rejected the contention of the IRS that the corporate debtor lacked standing to challenge the proposed assessment against its officers. The court found that the mere fact that "[t]he debtor corporation incurs no harm from assessment and collection but rather is benefitted by a reduction of corporate liability" was not dispositive of the standing requirement. 10 B.C.D. at 1006. The relevant inquiry, held the court, was whether the corporate debtor's ability to reorganize would be affected by the assessment of the penalty.

In this case, Debtors would be adversely affected by the proposed 100 percent assessment against the Huckabees. Both Mr. Leo B. Huckabee, Jr., and Mr. Leo B. Huckabee III testified that they could not pay the penalty, and that payment would have to come from Debtors' funds. They further testified that payment from Debtors' funds would seriously impede Debtors' effort to implement their plan of reorganization. This testimony was not rebutted by the IRS. The corporate Debtors thus have a stake in the outcome, and the Court concludes that they have standing.

■ The IRS also objects to the statutory jurisdiction of this Court to hear this matter. Jurisdiction of the bankruptcy courts is defined in 28 U.S.C.A. § 1471 (West Supp.1983),[6] which provides, in part:

6. In *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the Supreme Court held that the broad grant of jurisdiction under 28 U.S.C.A. § 1471 was unconstitutional in that it vested the essential attributes of judicial power in the bankruptcy courts. The bankruptcy courts

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

. . . .

Under 28 U.S.C.A. § 1471, "[a] broad range of questions ... can be brought into a bankruptcy court because they are 'related to cases under title 11' ...." *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 74, 102 S.Ct. 2858, 2873, 73 L.Ed.2d 598 (1982). Generally, 28 U.S.C.A. § 1471 confers jurisdiction to the bankruptcy court whenever the administration of the debtor's estate is affected. *See Tidwell v. IKG Industries (In re Georgia Steel, Inc.)*, 38 B.R. 829 (Bkrtcy.M.D.Ga.1983); *Old Orchard Investment Co. v. A.D.I. Distributors*, 31 B.R. 599, 10 B.C.D. 1200 (D.C.W.D.Mich. 1983); *Inland Transportation Co., Inc. v. Rebco Towing Co., Inc. (In re River Line, Inc.)*, 19 B.R. 158 (Bkrtcy.M.D.Tenn.1982); *In re Major Dynamics, Inc.*, 14 B.R. 969, 8

B.C.D. 376, 5 C.B.C.2d 511 (Bkrtcy.S.D.Cal. 1981).

Section 505(a)(1) of the Bankruptcy Code, 11 U.S.C.A. § 505(a)(1) (West 1979), specifically vests the bankruptcy courts with jurisdiction to determine tax liabilities. That section provides:

> Except as provided in paragraph (2) of this subsection, the court may determine the amount of legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C.A. § 505(a)(1) (West 1979).

In *Bostwick v. United States*, 521 F.2d 741 (8th Cir.1975), the bankrupts filed a straight bankruptcy, and the IRS did not file a proof of claim for unpaid taxes owed by the bankrupts. Subsequent to their discharge, the bankrupts filed a complaint to determine the dischargeability of certain taxes, and the bankrupts sought to enjoin the IRS from collecting the taxes until the dischargeability of the taxes was determined. The bankruptcy court held that it had jurisdiction to determine whether the taxes were dischargeable and enjoined the collection of the taxes until the question of dischargeability was resolved. The bankruptcy court was affirmed by the United States District Court for the District of Nebraska.

On appeal, the Eighth Circuit affirmed the district court. The Eighth Circuit concluded that under section 2a(2A) of the

could not exercise such jurisdiction since the salary and tenure of bankruptcy judges, 28 U.S.C.A. §§ 153, 154 (West Supp.1983), did not conform to the requirements of U.S. Const., art. III, § 1. In response to *Marathon*, the United States District Court for the Middle District of Georgia in an "Emergency Resolution" ordered that, "All cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this district." *In re: Authority of Bankruptcy Judges to Act in Bankruptcy Cases* (M.D.Ga. Dec. 23, 1982). The United States District Court for the Middle District of Georgia, in

*Williamson v. General Fin. Co. (In re Williamson)*, Civ. No. 83–68–COL (M.D.Ga., April 25, 1983), held that the grant of jurisdiction to the district courts in 28 U.S.C.A. § 1471 and 28 U.S.C.A. § 1334 (West 1976) was not affected by the Supreme Court's decision in *Marathon*. The district court also held that the delegation of authority in the Emergency Resolution was within the authority of the district court, citing *Braniff Airways, Inc. v. Civil Aeronautics Bd. (In re Braniff Airways, Inc.)*, 700 F.2d 214 (5th Cir.), cert. denied, — U.S. ——, 103 S.Ct. 2122, 77 L.Ed.2d 1302 (1983).

Bankruptcy Act,[7] the bankruptcy court had jurisdiction to hear the complaint. Also, in *Becker's Motor Transportation, Inc. v. IRS*, 632 F.2d 242 (3d Cir.1980), *cert. denied*, 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981), the court held section 2a(2A) conferred upon the bankruptcy court the authority to reopen a bankrupt's closed estate for the purpose of adjudicating the bankrupt's personal liability for tax penalties.

The IRS argues that the Court lacks jurisdiction in that the IRS has assessed the 100 percent penalty against Debtors' officers in their individual capacity, and the matter therefore is not "related to cases under title 11." The Court recognizes that the assessment of a 100 percent penalty under 26 U.S.C.A. § 6672 would be a personal liability of Debtors' officers. *See United States v. Pomponio*, 635 F.2d 293 (4th Cir.1980).[8] This fact alone, however, does not bar the Court's exercise of jurisdiction.

In *H & R Ice Co., Inc. v. United States (In re H & R Ice Co., Inc.)*, 24 B.R. 28, 9 B.C.D. 941 (Bkrtcy.W.D.Mo.1982), the corporate debtor filed its Chapter 11 petition in September of 1980, and at the time of the filing, there existed unpaid FICA and withholding taxes. The IRS filed a proof of claim in October of 1981 for the unpaid taxes, and the debtor's confirmed plan provided for the payment of the taxes over a six-year period. In January of 1982, the IRS informed the debtor's president of its intention to assess a 100 percent penalty against him under 26 U.S.C.A. § 6672, and the debtor, together with its president, sought to have the bankruptcy court enjoin

the assessment of the penalty. The IRS objected to the jurisdiction of the bankruptcy court.

In reliance on 28 U.S.C.A. § 1471 and 11 U.S.C.A. § 505(a)(1), court found that it had subject matter jurisdiction to hear the complaint. The court reasoned that although the debtor's president is not in bankruptcy, and his liability under 26 U.S.C.A. § 6672 is personal, the liability arises from the failure of the debtor to pay its taxes, and the complaint therefore is related to the Chapter 11 case.

In reaching its conclusion, the court in *H & R Ice* relied on *In re Major Dynamics, Inc.*, 14 B.R. 969, 8 B.C.D. 376, 5 C.B.C.2d 511 (Bkrtcy.S.D.Cal.1981). In that case, the debtor sold energy devices essentially to be used as tax shelters. The debtor filed its Chapter 11 petition in March of 1981. The IRS audited and assessed deficiencies and penalties arising from credits and deductions claimed by purchasers of the debtor's products on their 1979 and 1980 tax returns. The creditors' committee moved the bankruptcy court to grant a six-month stay of the audits, and the IRS objected, asserting, among other things, that the bankruptcy court was without jurisdiction to hear the complaint. The court noted that, "The jurisdictional grant of § 505 is not, by its terms, limited to a determination of tax liability of the debtor." *Id.* at 971, 8 Bankr.Ct.Dec. at 378, 5 Collier Bankr.Cas.2d at 515. *See also Jon Co., Inc. v. United States (In re Jon Co., Inc.)*, 30 B.R. 831, 10 B.C.D. 1005 (D.Colo. 1983) (bankruptcy court had jurisdiction over a complaint filed by a corporate debtor to enjoin IRS's attempt to collect infor-

---

**7.** Section 2a(2A) of the Bankruptcy Act provided that bankruptcy courts have jurisdiction to:

Hear and determine, or cause to be heard and determined, any question arising as to the amount or legality of any unpaid tax, whether or not previously assessed, which has not prior to bankruptcy been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction, and in respect to any tax, whether or not paid, when any such question has been contested and adjudicated by a judicial or administrative tribunal of competent jurisdiction and the time for appeal or review has not expired, to

authorize the receiver or the trustee to prosecute such appeal or review;

Law of July 1, 1898, ch. 541, § 2, 30 Stat. 545 as amended (repealed 1979).

**8.** *See also Kelly v. Lethert*, 362 F.2d 629, 635 (8th Cir.1966), where the court stated, "The result of Section 6672 is thus to make the responsible officers of the corporation, as well as the corporation itself, equally liable as co-debtors to the Government, and the Government may proceed against either in the order best suited in its judgment to collect the unpaid tax."

mation from the debtor's bank to be used to determine feasibility of assessing a 100 percent penalty against officers of the debtor).

The Court notes that the legislative history of section 505 seems to support the position of the IRS. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 356, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6312 (subsections (a) and (b) "permit determination by the bankruptcy court of any unpaid tax liability of the debtor"); 124 Cong.Rec. H11,110 (Sept. 28, 1978), *reprinted in* 1978 U.S.Code Cong. & Ad. News 6436, 6490 (statement of Rep. Don Edwards) ("The House Amendment authorizes the bankruptcy court to rule on the merits of any tax claim involving an unpaid tax, fine, or penalty relating to a tax, or any addition to a tax, of the debtor or the estate"). The Court is persuaded, however, as was the court in *Major Dynamics,* that the plain meaning of section 505 is clear and unambiguous, and that it must control. *See also Alabama Great Southern Railroad Co. v. Eagerton,* 663 F.2d 1036 (11th Cir.1981). The language of section 505(a) clearly states that the bankruptcy court "may determine the amount of legality of *any* tax, *any* fine or penalty relating to a tax." 11 U.S.C.A. § 505(a) (West 1979) (emphasis added). Accordingly, the Court holds that it has jurisdiction over the proof of claim and objection filed by Debtors.[9]

---

9. In this opinion, the Court only reaches the conclusion that it has jurisdiction over the claim and objection filed by Debtors on behalf of the IRS. The Court has not reached the issues of liability and whether to enjoin the IRS from assessing the 100 percent penalty against Debtors' officers. Thus, the Court need not address 26 U.S.C.A. § 7421 (West 1967 & Supp.1983) and 28 U.S.C.A. § 2201 (West 1982).