**In re WEXLER KNITTING MILLS, Debtor.**

**Bankruptcy No. 83–01761K.**

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 13, 1984.

Gerald J. McConomy, Joseph S. Finkelstein, James R. Williams, Philadelphia, Pa., for debtor.

James Adelman, Philadelphia, Pa., for Creditors' Committee.

Jay G. Ochroch, Philadelphia, Pa., for Blankin' Yarn Co.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue before the Court is whether to approve the debtor's application [sic motion] to pay a pre-petition debt owed for contributions to its employee benefit plan. For the reasons stated herein, we will deny approval of the application.

The facts of this case are as follows: [1] In 1983, Wexler Knitting Mills ("debtor") filed a petition for reorganization under Chapter 11 of the Bankruptcy Code ("Code"). At the time of the filing of the petition, the debtor owed its pension plan $12,500.00 for non-union employee benefits for the year 1982. The debtor subsequently applied for court authorization to pay the debt. Blankin' Yarn Company ("creditor") objected to the application.

In support of its position, the debtor asserts that failure to pay the amount owed to the pension plan will result in a substantial Internal Revenue Code ("IRC") penalty,[2] as well as a decline in morale among its affected employees.[3] Both consequences, the debtor urges, will pose a threat to reorganization efforts.

Further, the debtor notes that $2,020.55 of the $12,500.00 owed qualifies as a priority claim under § 507(a)(4) of the Code,[4] 11

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedure.

2. The debtor's pension plan qualifies as a defined benefit plan under § 414(j) of the IRC, 26 U.S.C. § 414(j), and the $12,500.00 owed is an accumulated funding deficiency within the meaning of § 412(a), which is subject to a one hundred percent (100%) excise tax pursuant to IRC § 4971(b).

3. The debtor maintains that the continued service of eleven (11) key employees will be jeopardized if the benefits are not paid.

4. Section 507(a)(4) of the Code provides priority treatment for claims for contributions to employee benefit plans:

(A) arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only

(B) for each such plan, to the extent of—

(i) the number of employees covered by each such plan multiplied by $2,000; less

(ii) the aggregate amount paid to such employees under paragraph (3) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

11 U.S.C. § 507(a)(4).

By prorating the total $12,500.00 owed, the debtor arrives at the $2,020.55 amount which it ascribes to contributions arising from services rendered within the 180 days prior to the filing of the petition.

U.S.C. § 507(a)(4), and that, in any event, it is anticipated that the plan of reorganization will result in a one hundred percent (100%) distribution.

In objecting to the application, the creditor disputes the debtor's contention regarding the imposition of an IRC penalty, and avers that payment of the debt will prejudice other creditors. We need not address the creditor's argument that liability for nonpayment of the benefits is that of the debtor's officers personally [5] or, alternatively, that no attempt has been made to obtain a waiver of the penalty, in view of the debtor's failure to present sufficient grounds for approval of its application.

The debtor's averment that its anticipated plan of reorganization will provide a one hundred percent (100%) payment is purely speculative. We conclude that the debtor has not advanced adequate justification for the payment of $12,500.00 to its employee benefit plan and we will deny the application.

---

**5.** The creditor charges that, because the Pennsylvania Wage Payment and Collection Law ("WPCL"), Pa.Stat.Ann. tit. 43, §§ 260.1–11 (Purdon Supp.1983–1984), imposes personal liability on persons who hold corporate executive positions for delinquent employee benefit contributions, the instant application is an attempt by the debtor's officers to avoid a suit for recovery of the contributions. The debtor responds that the WCPL is preempted by § 514(a) of the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144(a) (1976). The Third Circuit, in *Carpenters Health & Welfare Fund v. Ambrose,* 727 F.2d 279 (3d Cir.1983), rejected a similar argument that the WPCL is pre-empted by ERISA.