In re REVCO D.S., INC., et al., Debtors.

**Bankruptcy Nos. 588–1308 through 588–1321, and 588–1305.**

United States Bankruptcy Court, N.D. Ohio.

Sept. 30, 1988.

John Silas Hopkins, III, Baker & Hostetler, Cleveland, Ohio, for debtors.

Stuart E. Hertzberg, Hertzberg, Jacob & Weingarten, Detroit, Mich., Harry W. Greenfield, Javitch & Eisen Co., L.P.A., Cleveland, Ohio, for Trade Creditors Committee.

Conrad Morganstern, Cleveland, Ohio, U.S. Trustee.

Brad Eric Scheler, Fried, Frank, Harris, Shriver & Jacobson, New York City, for Unsecured Noteholders Committee.

Joseph F. Hutchinson, Jr., Brouse & McDowell, Akron, Ohio, for Bank Group.

## FINDINGS OF FACT AND DISCUSSION OF LAW AS TO MOTION OF THE DEBTORS.

HAROLD F. WHITE, Bankruptcy Judge.

This matter came before the Court on September 27, 1988 for a hearing upon "Motion of the Debtors for Authority to Pay Certain Prepetition Priority Trust Fund Taxes Owed by the Debtors" filed September 7, 1988. Notice of said hearing was given pursuant to Administrative Order No. 1 entered by this Court on August 29, 1988.

The Trade Creditors' Committee (Committee) filed an answer, objection and brief to said motion.

Counsel for Debtors, the Committee, the Bank Group, the Official Committee of Unsecured Noteholders and the United States Trustee appeared at the hearing.

## FINDINGS OF FACT

The Court makes the following twelve Findings of Fact.

1. On July 28, 1988 (Filing Date), the Debtors filed with the Court separate chapter 11 petitions pursuant to section 301 of the Bankruptcy Code, 11 U.S.C. sec. 301, and were thereupon continued in the management and operation of their businesses and properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code, 11 U.S.C. secs. 1107, 1108.

2. This Court has jurisdiction hereof pursuant to section 1334(a) of the Judicial Code, 28 U.S.C. sec. 1334(a). Venue is this judicial district pursuant to section 1409(a) of the Judicial Code, 28 U.S.C. sec. 1409(a). This is a core proceeding pursuant to 28 U.S.C. sec. 157.

3. Debtors presented the testimony of Gregory Raven to the Court. The Committee cross-examined Mr. Raven. Mr. Raven is the executive vice president of finance and treasurer of Revco D.S., Inc. (Revco) since September 1, 1988. He has previously served as vice president of finance and treasurer for Revco. His employment at Revco has made him thoroughly knowledgeable of the accounting, finance and tax functions of the corporation. Specifically, Mr. Raven is familiar with the various excise and sales taxes which the Debtors, as sellers of goods and services, are required to collect from customers and pay over to a taxing authority (hereinafter referred to as "trust fund taxes").

4. Although Debtors' motion refers to both pre-petition and post-petition trust fund taxes, Mr. Raven stated in his testimony that all trust fund taxes which are the subject of this motion represent pre-petition trust fund taxes.

5. Debtors are requesting authority to pay a maximum total of $9,262,948.91 of pre-petition trust fund taxes. (Debtors Ex. A)

6. The State of Ohio has made personal assessments against certain officers and employees of the Debtors for $1,376,022.80

for trust fund taxes owed the State by the Debtors.

7. The State of Ohio has withdrawn its assessments in light of the fact that Debtors have filed the subject motion.

8. Several tax authorities from other states have "threatened" Debtors' corporate officers with personal assessments for the trust fund taxes owed and criminal procedures for issuing checks with insufficient funds.

9. The articles of incorporation of the Debtors provides that the corporation will indemnify its officers for any amounts paid in satisfaction of a personal assessment for a tax claim and all related costs and expenses. (Debtors Ex. B)

10. The threat of assessment of trust fund taxes only, has caused stress for the corporate officials in their ability to direct their efforts towards formulating a plan of reorganization.

11. The Bank Group and the Official Committee of Unsecured Noteholders support the Debtors' motion.

12. The Court finds the State of Ohio and the Tax Commissioner of the State of Ohio were notified of this proceeding, and the Court was notified, by telephone, by the State of Ohio and the Tax Commissioner that they would not appear at this hearing.

## BACKGROUND

Debtors seek authorization to pay the trust fund taxes but only to the extent that the taxing authority responsible for the collection of the tax agrees to eliminate all penalties and post-petition interest assessed, agrees to refrain from making any assessment in the future in relation to the trust fund taxes on returns or other filings filed with the taxing authority and agrees to refrain from attempting to impose personal liability for the trust fund taxes, penalties and interest on Debtors' corporate officers.

Debtors assert that the trust fund taxes represent third party funds and are entitled to priority status pursuant to sec. 507(a)(7)(A)—(E) and will eventually have

to be paid in full pursuant to sec. 1129(a)(9)(C) in order for a plan of reorganization to be confirmed, therefore it would be preferable to pay the trust fund taxes now to the taxing authorities who will comply with the conditions of payment stated earlier.

## ISSUE

HAVE DEBTORS PRESENTED ADEQUATE JUSTIFICATION FOR THE PAYMENT OF PRE–PETITION TRUST FUND TAXES PRIOR TO CONFIRMATION OF A PLAN OF REORGANIZATION?

## DISCUSSION OF LAW

Debtors provide no authority under the Bankruptcy Code or case law to authorize payment of the trust fund taxes prior to payment of claims having priority over the trust fund taxes and other taxes that have accrued in the same priority status prior to a time when a plan of reorganization is confirmed.

Debtors submit that the relief requested would not be without precedent as the Bankruptcy Court for the Southern District of New York authorized a debtor in a chapter 11 proceeding to pay certain pre-petition trust fund taxes prior to confirmation of a plan of reorganization in *In re Chateaugay Corp., Reomar, Inc., The LTV Corporation, et al.*, Nos. 86 B 11270 through 86 B 11334 inclusive, 86 B 11402 and 86 B 11464 (Bankr.S.D.N.Y. April 7, 1987) (Order Authorizing Debtors to pay pre-petition trust fund tax claims).

The Court, on its own volition, obtained a copy of the application and order in the *Chateaugay* case and upon review of the documents finds that said order is not persuasive for the relief requested in the instant case. In the *Chateaugay* order the debtors were authorized to pay pre-petition federal employment trust fund taxes of $51,000. In the instant case Debtors seek authority to pay approximately $9,200,000 in pre-petition trust fund taxes.

While this Court is cognizant that the *Chateaugay* case involves a large and

highly complex group of companies, Debtors have failed to provide sufficient information regarding the *Chateaugay* case to allow this Court to fully analyze the order in relation to the issues of the instant case. Accordingly, this Court finds the *Chateaugay* order is not persuasive authority for the relief requested.

Debtors further state that the potential personal liability of corporate officers is "... distracting and demoralizing, and it hinders the reorganizational efforts of the Debtors." (page 3 of the motion). Debtors assert that payment of the trust fund taxes will preserve the time, morale and energies of key personnel to work towards the reorganization effort.

Debtors further contend that failure to pay the trust fund taxes will result in penalties being assessed in addition to the trust fund taxes already due.

The Committee objects to the motion because Debtors seek authority to pay trust fund taxes having lower priority than various reclamation claims filed against Debtors which have priority under sec. 546(c) and pursuant to a previous order of this Court providing that reclamation claims be treated as expenses of administration. The Committee asserts that trust fund taxes should be paid in accordance with sec. 1129(a)(9)(C) of the Bankruptcy Code, 11 U.S.C. sec. 1129(a)(9)(C), upon the confirmation of a plan of reorganization.

The Committee further asserts that neither the Bankruptcy Code nor case law provide authority for payment of the pre-petition trust fund taxes.

A fundamental principle of bankruptcy law requires that all unsecured creditors be treated in a like manner throughout the bankruptcy proceeding. *In re Cascade Oil Co., Inc.*, 65 B.R. 35 (Bankr.D.Kan.1986). It is fundamental that in every bankruptcy case distributions to creditors are governed by the scheme of priorities established by the Bankruptcy Code. Section 507 of the Bankruptcy Code, 11 U.S.C. sec. 507, specifies the kinds of claims that are entitled to priority in distribution and the order of priority.

The parties agree that the subject trust fund taxes are entitled to priority status pursuant to section 507(a)(7)(A)—(E).

The Bankruptcy Code does not authorize the payment of pre-petition debts prior to confirmation of a plan of reorganization except in the event of an assumption of an executory contract. 11 U.S.C. sec. 365(b). In fact, 11 U.S.C. sec. 1129(a) provides for payment of pre-petition claims as a requirement for confirmation of a plan. It provides:

(a) The court shall confirm a plan only if all of the following requirements are met:

(9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that—

(C) with respect to a claim of a kind specified in section 507(a)(7) of this title, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount of such claim.

It is clear that the Bankruptcy Code does not authorize payment of pre-petition trust fund taxes prior to confirmation of a plan of reorganization.

An application to pay a pre-petition debt to an employee benefit plan was denied in *In re Wexler Knitting Mills*, 44 B.R. 1019 (Bankr.E.D.Pa.1984). The debtor asserted that failure to pay the debt would result in a substantial Internal Revenue Code penalty as well as a decline in morale among the affected employees. The debtor argued that both consequences would threaten reorganization efforts. Debtor further asserted that the anticipated plan of reorganization would provide a one hundred percent (100%) payment to creditors. The court found debtors averment regarding the plan as merely speculative and held that debtors had not presented adequate justification for the payment. See also *In re FCX, Inc.*, 60 B.R. 405 (Bankr.E.D.N.C.1986), (denial of application to pay pre-petition grain pur-

chases) and *In re Vermont Real Estate Investment Trust*, 25 B.R. 806 (Bankr.D. Vt.1982), (denial of application to pay pre-petition claims at a discount).

*In the Matter of Crowe & Associates, Inc.*, 713 F.2d 211 (6th Cir.1983) involves a chapter 11 proceeding wherein a union engaged in a strike against the debtor employer to collect pre-petition pension payments. The Bankruptcy Court issued a permanent injunction against the striking union. The District Court reversed and dissolved the injunction and the Sixth Circuit affirmed the dissolution of the injunction.

The Circuit Court, in its per curiam opinion, recognized that as a result of its ruling the union could strike the debtor employer again with disastrous results to the debtor's operations. The court stated at page 216:

> We recognize that this legal result casts upon Crowe inequities. Even if Crowe desired to make the delinquent payments, the bankruptcy court may not permit it to do so.

In the instant case the Debtors seek authority to pay the trust fund taxes to facilitate efforts to reorganize; the Debtors must note, as the Circuit Court in *Crowe & Associates* did, that they have little or no control over many economic factors that affect the outcome of the reorganization.

In the matter before the Court, the Debtors admitted that they did not make any attempt to secure injunctive relief that could be possibly granted under 11 U.S.C. sec. 1105. It has been admitted, not disputed, that the corporate officials have been threatened with personal assessment and possible criminal prosecution for non-payment of the trust fund taxes and the checks issued prior to the filing of the chapter 11 proceedings. If all debtors in similar situations were to succumb to the threats of the state taxing authorities, it would become the norm for debtors and taxing authorities to attempt to circumvent the bankruptcy statutes, which were enacted for the benefit of all creditors, by the simple threat of personal assessment and criminal prosecution. See *In re Jon Co.*, 30 B.R. 831 (Bankr.D.Colo.1983).

Debtors' motion requests authority to pay only pre-petition "trust fund taxes". These trust fund taxes are entitled to priority status pursuant to section 507(a)(7)(A), (C) and (E).

While Debtors request authority to pay only the trust fund taxes, a review of sec. 507(a)(7) reveals that said section provides equal priority status for other "non-trust fund" taxes or claims including the following subsections of 507(a)(7): (B) property tax; (F) a customs duty arising out of the importation of merchandise; and, (G) a penalty related to a claim within this priority and in compensation for actual pecuniary loss.

Debtors, by their motion, propose to pay only pre-petition "trust fund" taxes and no other taxes or claims within the level of priority of section 507(a)(7) claims and the result of such payment would create Debtors' own unique priority of claims, clearly in violation of the order of priority established by sec. 507(a)(7). Furthermore, payment of the trust fund taxes would prejudice creditors with priority status under sec. 546(c), as said creditors are entitled to a higher priority than the "trust fund taxes."

### CONCLUSION

Debtors have failed to establish any authority under the Bankruptcy Code or case law to support their motion. Debtors' motion for authority to pay only pre-petition "trust fund taxes" prior to confirmation of a plan of reorganization is clearly prejudicial to other creditors of higher priority under sec. 546(c) and equal priority within sec. 507(a)(7).

Therefore, Debtors' motion for authority to pay pre-petition priority taxes is denied. A separate Order will be issued on these Findings.