**In re James D. KREIDLE, Debtor.**

**James D. KREIDLE, Plaintiff and Appellee,**

**v.**

**DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, Defendant and Appellant.**

Civ. A. No. 91–C–1245.

United States District Court, D. Colorado.

Aug. 20, 1992.

Harry Sterling, Denver, Colo., for plaintiff and appellee.

Mark Nebergall, U.S. Dept. of Justice, Washington, D.C., for defendant and appellant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Appellant, Internal Revenue Service (IRS), appeals the order of the United States Bankruptcy Court for the District of Colorado in favor of Appellee/Debtor James D. Kreidle.

The parties have fully briefed the issues and oral argument would not be helpful. Jurisdiction is alleged under 28 U.S.C. § 158(a).

### I. FACTS.

James D. Kreidle was a fifty percent partner in Titsch & Associates (Titsch), a general partnership engaged in publishing, as well as an officer and director of several related corporations. As a result of these business interests, Mr. Kreidle had become personally liable for over $8,000,000 in debt by 1986. On June 20, 1986, his creditors filed an involuntary bankruptcy petition against him pursuant to 11 U.S.C. § 303(b). The bankruptcy court entered an order for relief under Chapter Seven of the bankruptcy code on October 2, 1986. That or-

der was later converted to an order under Chapter Eleven.

As a result of the bankruptcy, Mr. and Mrs. Kreidle elected to terminate their 1986 tax year on October 1, 1986, pursuant to 26 U.S.C. § 1398. On January 15, 1986 they mailed to the IRS their § 1398 election, along with a request for extension of time to file. Mr. Kreidle also contacted Kathy Meyer, a bankruptcy specialist in the IRS Special Procedures Section, to discuss proper filing of his 1986 returns. She asked that he mail the returns to her directly, and stated that she would then forward them to the IRS office in Ogden, Utah. Throughout the administration of Mr. Kreidle's bankruptcy estate Ms. Meyer and other IRS officials actively monitored the case through meetings, phone calls and correspondence.

The bankruptcy court set a July 10, 1987 deadline for filing proofs of claim in Mr. Kreidle's reorganization proceedings. Although the IRS received notice of this deadline on June 25, 1987, it did not file a proof of claim. One of Mr. Kreidle's creditors did file a claim on behalf of the IRS, pursuant to Bankruptcy Rule 3005, for an unknown amount of FICA, federal withholding taxes, "and/or other taxes in an undetermined amount." The IRS received notice of the claim and of its right to amend on July 10, 1987. The IRS amended that claim to include a penalty for unpaid wage withholding taxes but did not allege that Mr. Kreidle owed any additional income tax.

Mr. Kreidle filed both his first amended plan of reorganization (Plan) and his second amended disclosure statement (Disclosure Statement) on September 11, 1987. Class two of the Plan provided that Mr. Kreidle's personal income taxes for 1986 would be paid from the initial cash payment within thirty days of the effective date of the Plan. The Disclosure Statement indicated that the payment would be $203,518. The Plan further stated that the bankruptcy court retained jurisdiction after its confirmation of the Plan to determine objections regarding creditors' claims. The bankruptcy court found the Disclosure Statement adequate and forwarded it, along with the Plan, to the IRS and the other creditors. The court set November 13, 1987 as the last day for filing objections. The IRS did not file an objection to either the Plan or the Disclosure Statement.

On October 15, 1987, Mr. and Mrs. Kreidle filed joint tax returns for each of their 1986 short years (January 1 to October 1, 1986 and October 2 to December 31, 1986) and enclosed a check for the full amount of tax due. The Kreidles attached to the returns a three page statement disclosing that the returns were being filed pursuant to § 1398 and explaining the breakdown between the first short year individual return and the second short year estate return. The Kreidles mailed the returns to Ms. Meyer, as requested.

The bankruptcy court confirmed the Plan on November 16, 1987. Under the Plan Mr. Kreidle immediately paid the IRS all the unpaid federal income tax liability shown in the Disclosure Statement. In addition, Mr. Kreidle is to pay his unsecured creditors $2,600,000 over a period of seven years. Mr. Kreidle has been making Plan payments from his post-petition earnings, as well as from sales of his assets and a substantial transfer of Mrs. Kreidle's assets.

On October 5, 1990, ten days before expiration of the statutory period for assessment of additional 1986 income taxes and nearly two years after confirmation of Mr. Kreidle's Plan, the IRS issued a notice of deficiency claiming additional federal income taxes due, together with interest and penalties totalling $1,510,964.[1]

---

1. In a case where a taxpayer files a return, the IRS has three years from the time the return is due, including extensions, in which to assess additional taxes. 26 U.S.C. § 6501.

The IRS' 1990 assessment against the Kreidles asserted:

|      | Deficiency Claimed | Penalty Claimed | Interest to 11/90 |
|------|--------------------|-----------------|-------------------|
| 1986 | $ 808,595          | $ 202,149       | $ 477,997         |
| 1987 | 13,320             | 3,320           | 5,583             |

Mr. Kreidle filed a complaint in the bankruptcy court on December 7, 1990 asking that court to resolve the question of his tax liability.

The bankruptcy court found that: (1) it had jurisdiction to determine the amount and legality of any tax under 11 U.S.C. § 505(a)(1); (2) the proceedings were core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B) and (b)(2)(O); (3) Mr. and Mrs. Kreidle's § 1398 election was timely filed; (4) Mr. Kreidle sustained an ordinary loss on the worthlessness of his partnership interest; (5) rather than owing additional taxes, the Kreidles were entitled to a refund; (6) the § 6661 substantial understatement penalty was not justified; and (7) the IRS is estopped by its conduct from asserting additional taxes against the Kreidles for the 1986 tax year.

In its appeal to this court the IRS argues, *inter alia*, that the bankruptcy court: (1) lacked subject matter jurisdiction; (2) erred in finding this case to be a core proceeding; and (3) erred in finding that the government is estopped from asserting additional taxes against the debtor.[2]

## II. ANALYSIS.

A district court reviews a bankruptcy court's findings of fact under the "clearly erroneous" standard. Bankruptcy Rule 8013; *In re Mullet*, 817 F.2d 677, 678 (10th Cir.1987). Questions of law are reviewed *de novo*. *Id.* (both citations).

### A. JURISDICTION.

■ The IRS asserts that the bankruptcy court had no jurisdiction over this case because the IRS's assessment relates only to post-petition taxes, payable for tax year 1986 and assessed in 1990 against the Krei-

dles, rather than to taxes owed by the estate.[3]

Mr. Kreidle contends that: (1) jurisdiction is proper under 28 U.S.C. § 1334(b) since the IRS's assessment threatens the success of his Plan; (2) the tax claim is a pre-petition/pre-confirmation liability subject to bankruptcy court determination pursuant to 11 U.S.C. § 505; and (3) the Plan specifically provided for retained jurisdiction in the bankruptcy court.

■ District courts have original but not exclusive jurisdiction over all civil proceedings related to a case under the bankruptcy code. 28 U.S.C. § 1334(b). A district court may refer all cases under Title Eleven and proceedings related to a case under Title Eleven to the bankruptcy judges for the district. 28 U.S.C. § 157(a). A proceeding is related if the outcome could *conceivably* have any effect on the estate being administered in bankruptcy. *In re Wood*, 825 F.2d 90, 93 (5th Cir.1987).

■ The bankruptcy court may determine the amount or legality of any tax, as well as any fine or penalty relating to a tax, whether or not previously assessed or paid. 11 U.S.C. § 505(a); *See In re Jon Co.*, 30 B.R. 831 (D.Colo.1983). The bankruptcy court has jurisdiction in a Title Eleven case over both pre-petition taxes and taxes incurred *after* the filing of a petition under Title Eleven. *In re Pine Knob Inv.*, 20 B.R. 714, 715 (Bankr.E.D.Mich.1982).

■ Moreover, the bankruptcy court may issue any order necessary to carry out the provisions of the bankruptcy code. 11 U.S.C. § 105(a); *In re Jon Co.*, 30 B.R. at 834. This includes orders necessary to protect the court's jurisdiction and administer

The IRS assessed the 1986 deficiency based primarily on disallowance of the § 1398 election. It also alleged that Mr. Kreidle's loss on worthlessness of his partnership interest was ordinary, rather than capital. Further, the IRS asserts that as a result of disallowance of the election, the Kreidles substantially understated their 1986 income and are subject to a penalty under § 6661 of the Internal Revenue Code. The 1987 amounts are not contested here.

**2.** The IRS appeals all seven findings of the bankruptcy court. However, since this court concludes that the IRS is equitably estopped, the remaining issues on appeal need not be addressed.

**3.** The IRS did, however, admit the bankruptcy court's jurisdiction in it's January 15, 1987 answer to the original complaint filed by Mr. Kreidle.

the estate in an orderly and efficient manner, as well as to effect the Bankruptcy Act's overriding policy of rehabilitating the debtor. *In re Jon,* 30 B.R. at 835. Further, a bankruptcy court may retain jurisdiction over post-confirmation administration of the estate until entry of a final decree. Bankruptcy Rule 3020; *In re Dilbert's Quality Supermarkets, Inc.,* 368 F.2d 922, 924 (2d Cir.1966).

Jurisdiction in the bankruptcy court was proper under 28 U.S.C. § 1334(b). Mr. Kreidle is still in the process of paying out amounts agreed to in his Plan of reorganization. A $1.5 million tax assessment that would, as a practical matter, be paid out of assets otherwise payable to Plan creditors, would certainly disrupt Mr. Kreidle's payment schedule and affect the ultimate success of his Plan. The bankruptcy court has a strong interest in protecting the orderly administration of Mr. Kreidle's estate and in continuing his rehabilitation as set out in his confirmed Plan. The bankruptcy court had the authority to determine the amount and legality of Mr. Kreidle's taxes under 11 U.S.C. § 505(a)(1). Thus the bankruptcy court's asserted jurisdiction over this dispute was proper.

## B.  CORE PROCEEDING.

■ The IRS maintains that the bankruptcy court did not have authority to issue a final order because this case was not a core proceeding under 28 U.S.C. § 157.

Mr. Kreidle argues that the bankruptcy court correctly found this to be a core proceeding since the IRS's assessment of additional taxes will seriously jeopardize consummation of the Plan. Further, Mr. Kreidle argues that his case is a core proceeding because the § 1398 short year election issue could arise only in the context of bankruptcy.

Bankruptcy judges may hear and determine all cases under Title Eleven but may enter final orders and judgments only in core proceedings. 28 U.S.C. § 157(b)(1). In a non-core proceeding the bankruptcy court submits its proposed findings of fact and conclusions of law to the district court for review and final judgment. 28 U.S.C. § 157(c)(1).

■ A proceeding is core if it invokes a substantial right under Title Eleven or if it could arise only in the context of a bankruptcy case. *Matter of Wood,* 825 F.2d at 97. As stated in the IRS's brief, the most "hotly contested issue in this case concern[s] whether plaintiff made a timely election under 26 U.S.C. § 1398(d)(2)." Appellant's Brief at 27. That election gives a taxpayer the valuable right to split his tax years when a bankruptcy petition is filed so as to distribute his tax attributes most advantageously. This election is available only to a taxpayer in bankruptcy. 26 U.S.C. § 1398(a). Therefore, the determination of whether the election was timely filed was a core proceeding.

■ Moreover, proceedings affecting liquidation of the estate's assets or the adjustment of the debtor-creditor relationship are included in the bankruptcy code's non-exclusive list of core proceedings. 28 U.S.C. § 157(b)(2)(O). Assessment and collection of a tax liability that relates to a pre-petition or pre-confirmation tax year will affect the validity of the Plan's confirmation, and therefore the issue is core. *In re Brooks Fashion Stores, Inc.,* 124 B.R. 436, 441 (Bankr.S.D.N.Y.1991).

■ Proceeds from the liquidation of the Kreidles' assets, as well as Mr. Kreidle's current earnings, are being used to make payments under the Plan. An additional tax assessment will certainly affect the debtor-creditor relationships here since the creditors currently receiving payments from Mr. Kreidle will effectively shoulder the burden of the Kreidles' added tax liability. For these reasons I conclude that the determination of the Kreidles' tax liability for 1986 was a core proceeding and the bankruptcy court properly issued a final order.

## B.  EQUITABLE ESTOPPEL.

■ The IRS argues that the bankruptcy court's finding of estoppel against the government is clearly erroneous since Mr.

Kreidle has not proved the elements of estoppel.

Mr. Kreidle maintains that the bankruptcy court correctly held that the IRS should be estopped from assessing additional taxes. Mr. Kreidle argues that it would be inequitable and unconscionable to allow the IRS to mislead him and his creditors as to additional tax liability during the bankruptcy proceedings and for nearly three more years, and then, just ten days before the statutory period for assessing additional 1986 taxes was to expire, issue a notice for additional taxes due.

The IRS is equitably estopped from assessing and collecting additional taxes if Mr. Kreidle has established: (1) that the IRS's agents knew the facts; (2) that they intended their conduct to be acted upon or acted in such a way that Mr. Kreidle had a right to believe they intended their conduct would be acted on; (3) that he was ignorant of the true facts; and (4) that he relied on the IRS's conduct to his detriment or injury. *Tosco Corp. v. Hodel*, 611 F.Supp. 1130, 1203 (D.Colo.1985).

██ Since the United States is the party to be estopped, Mr. Kreidle must also establish "affirmative misconduct" on the part of the IRS. *Id.* at 1205. Affirmative misconduct exists when a government agent, acting within the scope of his or her duties, engages in affirmative acts that amount to "unconscientious or inequitable" behavior. *Id.* Intentional misrepresentation or concealment is not necessary to a finding of affirmative misconduct, it can be present when the IRS simply gives incorrect information. *Id.*

The bankruptcy court properly found that the IRS is equitably estopped from assessing or collecting any additional tax for 1986. The IRS was actively and continuously involved in Mr. Kreidle's bankruptcy proceedings and was fully aware of the nature of the case and the position taken by the Kreidles with respect to their 1986 taxes. Further, the conduct of the IRS in not filing a proof of claim alleging additional 1986 personal income taxes to be due, not objecting to the Disclosure Statement or the Plan, and representing to the Krei-

dles that no further tax would be due once the Plan amount was paid, taken together, demonstrate that the IRS intended that its conduct would be acted on by the Kreidles in confirming the Plan. Mr. Kreidle had no reason to know that the IRS would disallow his § 1398 election in 1990, because at no time during the bankruptcy confirmation process did the IRS indicate dissatisfaction with that election.

Finally, Mr. Kreidle and his creditors justifiably relied on the IRS's incorrect representations that no further taxes were due. The IRS represented this both orally and in writing as well as by its failure to object to confirmation of the Plan. I conclude that this conduct by the IRS, under the circumstances, amounted to affirmative misconduct.

Accordingly, IT IS ORDERED that the decision of the bankruptcy court is AFFIRMED.