## Hand In Hand Building & Loan Assn. v. Deery

*Roper & Caldwell*, for plaintiff.
*George J. Edwards, Jr.*, for defendant.

MACNEILLE, J., October 1, 1935.—In this case a petition was filed and a rule granted against defendant to show cause why the satisfaction of a mortgage improperly entered should not be stricken from the records. The defendant now asks that this petition be stricken off, to-

gether with plaintiff's rule, on the ground that the petition cannot be employed to initiate such a proceeding.

Plaintiff cites, as his authority to use the petition for an original process, Seigler v. Ripple, 16 Lanc. 237, Orlovsky et al. v. Atkinson et al., 15 D. & C. 648, and In re Meloy Mortgage, 8 Dist. R. 364, in all of which similar petitions and rules were filed and disposed of on the merits.

A reading of these cases discloses that the propriety of the procedure was not raised nor passed upon in those cases.

In The Excelsior B. & L. Assn. v. Reed et al., 8 Dist. R. 417, the procedural question involved here was raised and passed upon and held to be improper. It was conceded that the court has general supervision against all records in the prothonotary's office, but there is no legislation giving the court such supervision over the books of the recorder of deeds—his office is independent so far as the court is concerned.

The plaintiff calls our attention to the case of Delco Ice Mfg. Co. v. Frick Co., Inc., 318 Pa. 337. In that case there was a rule to strike off a conditional sales contract which the Supreme Court pointed out is a judicial record filed in the prothonotary's office, for which reason the procedure was held proper. The court said:

"In this State we have distinguished between a judicial record and a record made pursuant to a statute in the office of the recorder of deeds for the purpose of giving constructive notice. In Brown v. Henry, 106 Pa. 262, 267, it was said: 'But his record in such case, though called a record, lacks the element of verity which exists where a record is made up by an officer of the court and under the eye of the court, after hearing the parties'. In Fleming v. Parry, 24 Pa. 47, 52, it is stated: 'A record it undoubtedly is, but not a record to which that maxim applies, the proper application of which is to judicial records—those which are potentially if not actually made up under the eye of the judge, in the presence of the par-

ties, and after hearing them; and these are kept by the custos rotulorum, and not by the recorder.' "

There is a well-charted course which the plaintiff may pursue for his remedy, which is the filing of a bill in equity, and it seems unwise to us for him to attempt a procedure for which there is no direct authority. The procedure by bill in equity was followed in Callahan's Appeal et al., 124 Pa. 138, McKee, Receiver, v. Wilson et ux., 316 Pa. 389, and Erie County et al. v. Lamberton et al., 297 Pa. 406.

The defendant's rule to strike from the record the plaintiff's petition and rule is made absolute.