In re Marlyn Verle DAHLQUIST, Debtor.

Marlyn Verle DAHLQUIST, Plaintiff,

v.

FIRST NATIONAL BANK IN SIOUX CITY, IOWA, Defendant.

In re Robert Dean DAHLQUIST, Debtor.

Robert Dean DAHLQUIST, Plaintiff,

v.

FIRST NATIONAL BANK IN SIOUX CITY, IOWA, Defendant.

In re James Marlyn DAHLQUIST, Debtor.

James Marlyn DAHLQUIST, Plaintiff,

v.

FIRST NATIONAL BANK IN SIOUX CITY, IOWA, Defendant.

Bankruptcy Nos. 483–00230, 483–00238 and 483–00239. Adv. Nos. 483–0212, 483–0213 and 483–0214.

United States Bankruptcy Court, D. South Dakota.

Sept. 21, 1983.

John E. Harmelink and John R. Kabeiseman, Yankton, S.D., for plaintiffs Marlyn Verle Dahlquist, Robert Dean Dahlquist, and James Marlyn Dahlquist.

F. Joseph Du Bray, George F. Madsen, Shull, Marshall & Marks, Sioux City, and Edward J. Leahy, May, Johnson, Doyle & Becker, P.C., Sioux Falls, for defendant First Nat. Bank in Sioux City, Iowa.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

### THE FACTS

The debtors in this case are farmers/ranchers doing business in Nebraska and South Dakota. Marlyn Dahlquist filed his petition for Chapter 11 relief on July 5, 1983. Three days later, Marlyn's sons, Robert and James Dahlquist, also filed petitions under Chapter 11 of the Bankruptcy Code. Marlyn's wife and James's and Robert's mother, Mary Dahlquist, has not filed for bankruptcy. The debtors and Mary Dahlquist (plaintiffs) jointly operate a large livestock and farming operation where their various assets are comingled.

The First National Bank in Sioux City, Iowa (bank), a creditor, commenced an action in Federal District Court for the District of Nebraska on July 5, 1983, seeking monetary and injunctive relief from the plaintiffs. Subsequently, the debtors were dismissed from the District Court action because further proceedings against them were precluded by the automatic stay provisions of 11 U.S.C. § 362. The District Court suit continues with Mary Dahlquist as the only remaining defendant. The bank alleges that Mary Dahlquist personally guaranteed many of the debts of her husband and sons.

On August 22, 1983, counsel for the plaintiffs filed a motion for an expedited hearing, an order to show cause, a request for a temporary restraining order preventing the bank from further proceedings against non-debtor Mary Dahlquist, and a brief in support of these pleadings. The brief asks for permanent injunctive relief and argues that failure to enjoin the action against non-debtor Mary Dahlquist will place pressure on the debtors and ultimately affect their proposed reorganization efforts. The debtors, citing *In re Landmark Air Fund II,* 19 B.R. 556, 559 (Bkrtcy.N.D.Ohio 1982); *In re Otero Mills,* 21 B.R. 777 (Bkrtcy.D.N.M. 1982), *aff'd* at 25 B.R. 1018 (D.N.M.1982); and 11 U.S.C. § 105, insist that this Court has jurisdiction to restrain the bank from further proceedings against Mary Dahlquist although she is a non-debtor third party. The plaintiffs emphasize the fact that Mary Dahlquist has land and other assets that are part of the operation, some of which will be needed for an effective reorganization. Moreover, the plaintiffs claim that they are entitled to injunctive relief on the merits because the elements required for injunctive relief have been met.[1]

---

1. The plaintiffs, citing *In re Otero Mills, Inc.,* 25 B.R. 1018, 1021 (D.N.M.1982), state the preliminary injunction test as requiring: (1) irreparable harm to the bankruptcy estate if the injunction does not issue; (2) strong likelihood of success on the merits; (3) no harm or minimal harm to the other party or parties; and (4) consideration of the public interest. The bank, however, insists that the test used in the Eighth Circuit is more appropriate. *See* note two *infra.*

Without waiving any objections to the debtors' motions, counsel for the bank agreed to a hearing date of September 13, 1983, when the Court considered the order to show cause and the propriety of converting the temporary restraining order into a temporary injunction. At the hearing, the bank moved to dismiss the action contending that plaintiffs had proceeded improperly by their failure to comply with Bankruptcy Rules 7001 through 7005 and with related provisions of Federal Rules of Civil Procedure 3, 4, and 5. The bank further contends that the Bankruptcy Court does not have jurisdiction to enjoin a third party non-debtor since the United States Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), and, furthermore, that the local district court rule relating to bankruptcy cases promulgated in the wake of *Marathon* on December 22, 1982, does not vest this Bankruptcy Court with the jurisdiction necessary to stay an action against a non-debtor third party. Finally, the bank claims that the plaintiffs are not entitled to relief on the merits because they have failed to meet their burden of proof on the four elements for preliminary injunctive relief required by *Dataphase Systems, Inc. v. C.L. Systems, Inc.,* 640 F.2d 109, 114 (8th Cir. 1981).[2]

## LEGAL ANALYSIS

This Court need proceed no further than the bank's initial contention that the instant proceeding is defective because the plaintiffs have not complied with the Bankruptcy Rules and the applicable Federal Rules of Civil Procedure (F.R.Civ.P.). Part VII of the Bankruptcy Rules governs adversarial proceedings and there is no doubt that an action to obtain injunctive relief is an adversarial proceeding. *See* Bankruptcy Rule 7001(7). Bankruptcy Rule 7003 prescribes the method for commencing an adversarial proceeding and applies F.R.Civ.P.

3, which requires the filing of a complaint. The plaintiffs in the instant action have filed no complaint. In addition, Bankruptcy Rule 7004 makes certain provisions of F.R.Civ.P. 4 applicable to this action, and it is clear that the plaintiffs never served a summons on the bank as required by these rules. Moreover, the plaintiffs did not serve a signed copy of the temporary restraining order on the defendant as required by F.R.Civ.P. 5 which applies to this case by virtue of Bankruptcy Rule 7005. *See also* Bankruptcy Rule 7065 (injunctions).

Accordingly, this Court has no choice but to dismiss the instant action because it has not been initiated pursuant to the Bankruptcy Rules and the F.R.Civ.P. Having concluded that the plaintiffs' request for injunctive relief was not properly commenced under the rules, the Court need not address the bank's other arguments regarding the jurisdiction of this Court to enjoin an action against a non-debtor third party or the propriety of issuing a preliminary injunction on the merits. The Court, however, notes that plaintiffs' record at the September 13, 1983, hearing is meager at best, as even the person for whom the injunction was primarily requested, Mary Dahlquist, neither appeared nor testified. It should be further noted that this Court has reached arguments similar to those presented by the bank, but not addressed here, in a decision styled, *Lahman Mfg. Co., Inc. v. Norwest Nat'l Bank of Aberdeen,* also to be issued by the Court forthwith.

The above constitutes this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and F.R.Civ.P. 52. Counsel for the bank shall provide judgment and order dismissing the above-entitled proceeding and vacating the temporary restraining order entered by the Court on August 22, 1983, in accordance with Bankruptcy Rule 9021.

---

2. "... [W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest."