**In re Nancy L. VEASEY, Debtor.**

**Bankruptcy No. 84–01153G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 18, 1984.

Jack K. Miller, Philadelphia, Pa., for debtor, Nancy L. Veasey.

Alan M. Rosen, Fellheimer, Eichen & Goodman, Philadelphia, Pa., for movant, Philadelphia Saving Fund Soc.

James J. O'Connell, Philadelphia, Pa., trustee.

OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue at bench is whether a mortgage which was inadvertently satisfied through an error of the mortgagee may be reinstated. The question is presented on the mortgagee's action for a determination of the secured status of its lien against the debtor's property. We conclude that, under the circumstances of this case, the mortgage should be reinstated.

The facts of this case are as follows:[1] On September 11, 1981, Nancy L. Veasey ("the debtor") gave a mortgage on her property to the Philadelphia Saving Fund Society ("the mortgagee") to secure a loan in the amount of $12,687.52. Four days later, the mortgage was recorded in the office of the Montgomery County Recorder of Deeds.

In April of 1984, the debtor filed a petition for the adjustment of her debts under chapter 13 of the Bankruptcy Code ("the Code"). In June, the mortgagee filed a proof of claim for $10,113.62 which represented the balance due on its loan as of the date of the commencement of the case. Shortly thereafter, as a result of a clerical error, the mortgagee caused the mortgage to be satisfied of record, and sent the original mortgage to the debtor. The debtor refused to comply with the mortgagee's

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

subsequent request to return the mortgage, and failed to make any further payments which became due.

■■■ The mortgagee filed a motion under § 506 of the Code to determine the secured status of its claim. In its answer, the debtor asserted a counterclaim for damages allegedly caused in connection with the mortgagee's error.

As a preliminary matter, we will treat the mortgagee's motion as a complaint, which is the appropriate procedure when a party seeks a determination of this type under § 506 of the Code.[2]

While the ostensible purpose of the complaint before us is a determination of the secured status of its lien against the debtor's property under § 506 of the Code,[3] the ultimate goal of the mortgagee's action is to achieve reinstatement of its mortgage. The debtor's position is that once the mortgage was satisfied, the mortgagee's lien was discharged. Part and parcel of any determination regarding the status of the mortgagee's claim is a resolution of the question of whether the creditor still has a lien on the debtor's property.

As we indicated above, the mortgage was inadvertently satisfied of record as a result of a clerical error on the part of the mortgagee. At the evidentiary hearing, the debtor acknowledged that she had not paid the balance due on the mortgage prior to its satisfaction.[4]

■■■ "There is no virtue in the satisfaction of a mortgage, except, perhaps, as to purchasers or other mortgagees without notice, that prevents either a fraud or mistake in the satisfaction from being corrected." *Callahan*, 124 Pa. 138, 144; *McKee v. Wilson*, 316 Pa. 389, 392, 175 A. 380, 381 (1934); *Saint Clement's Building and Loan Association v. McCann*, 126 Pa.Super. 20, 24, 190 A. 393, 394 (1937). A satisfaction inadvertently applied to the wrong mortgage, and not in accord with the real intention of the satisfying party, may be set aside and the mortgage reinstated. *Saint Clement's*, 126 Pa.Super. 20, 23, 190 A. 393.

■■■ Since it is not disputed that the mortgage has not been paid, the improvident satisfaction should not be allowed to stand. We conclude, therefore, that the mortgagee's claim of $10,113.62 is secured by a mortgage lien on the property effective September 15, 1981. Accordingly, we will enter an order to that effect,[5] and will

2. Pursuant to Rule 7001 of the Bankruptcy Rules, an adversary proceeding includes a proceeding "to determine the validity, priority, or extent of a lien or other interest in property." Such a proceeding is commenced by filing a complaint. Rule 7003. In contrast, the issue of the valuation of a secured claim may be raised on motion by a party in interest. Rule 3012.

3. Section 506(a) provides:
   (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

4. We have difficulty accepting the debtor's assumption that the mortgage satisfaction was the result either of a chapter 13 benefit or the largess of an anonymous benefactor. Even if we were to concede that the debtor acted in good faith, we are unable to envision how it can change her position. "Bad faith might perhaps make [her] position worse than it is, but [we] fail to see how good faith could make it any better." *Appeal of Callahan*, 124 Pa. 138, 144, 16A. 638, 640 (1889).

5. We reject the debtor's contention that we may not reach a determination on the secured status of the lien absent evidence of the property's value. The debtor admitted in the pleadings that the value of the property exceeds the amount due on the indebtedness secured by this mortgage, as well as that secured by a first mortgage given by the debtor to the mortgagee in 1966. The only other lien on the property is a judgment lien which was recorded in 1982. The instant claim is, therefore, secured in its entirety.

deny the debtor's counterclaim seeking damages.