**In re John C. ENTZ, III, Debtor.**

**Bankruptcy No. B–84–2320–PHX–RGM.**

United States Bankruptcy Court,
D. Arizona.

Nov. 16, 1984.

William Novotny, Phoenix, Ariz., for Virginia Entz.

Gerald K. Smith, Phoenix, Ariz., for John C. Entz, III.

Richard L. Epling, Phoenix, Ariz., for Great Western Bank.

**ORDER DENYING VIRGINIA ENTZ'S MOTION TO RESTRICT AND ENJOIN DEBTOR FROM EXERCISING STOCK VOTING RIGHTS**

ROBERT G. MOOREMAN, Chief Judge.

The assets of this bankruptcy estate include stock in a closely held corporation. The debtor's spouse, Virginia Entz, has filed a motion to enjoin the debtor in pos-

session from exercising the voting rights in that stock without her consent. She asserts that the stock is community property belonging both to her and to the debtor. She contends that, as a result, state law gives her joint management authority over the stock. She also argues that it would be inequitable to allow the debtor in possession to exercise exclusive control.

A state court action to dissolve the marriage between the debtor and his spouse was pending at the time the debtor filed his Chapter 11 petition. Virginia Entz acknowledged that the filing of the petition deprived the state court of jurisdiction over the stock. She stresses, however, that the state court would have exercised its equitable authority to ensure that her spouse could not defeat her interest in community property by prohibiting any independent exercise of dominion over that property. She moves that this court invoke its equitable powers to achieve a similar result.

The closely held corporation is also undergoing a reorganization under Chapter 11 of the Bankruptcy Code. *See In re Entz-White Lumber and Supply, Inc.*, No. B-84-2121-PHX-RGM. John Entz, III has been authorized to perform the duties of the debtor in possession in both cases. In performing the duties as the debtor in possession in his individual case, it appears that he intends to vote the stock to authorize a sale and leaseback of corporate property. He also intends to vote the stock to fill vacancies on the corporation's board of directors.

Virginia Entz argues that she is entitled to input on the choice of new directors. She also indicates that the proposed sale and leaseback is not in her best interests. At this time, she favors a straight liquidation of the corporation's assets.

The debtor in possession responds that, under the Bankruptcy Code, he has the exclusive right to vote stock that is property of the estate. He also argues that, as the person named as the record owner of the stock, he has the exclusive right to vote the stock under state law. Finally, he contends that shareholder approval is not needed for the corporate debtor to sell or lease its property. As debtor in possession in the corporate case, he has authority under Section 363 of the Code to use or sell property of the corporate estate.

■ The issue of whether the stock is community property has not yet been resolved in any court. The parties have correctly concluded, however, that this court has exclusive jurisdiction over the community property of John and Virginia Entz despite the pendency of their marriage dissolution proceeding. *Teel v. Teel (In re Teel)*, 34 B.R. 762, 11 B.C.D. 420 (Bankr. App. 9th Cir.1983).

■ In exercising this jurisdiction, this court must be guided in the dictates of the Bankruptcy Code and not by supposition as to what actions the state court might have taken to ensure an equitable distribution of community property between the spouses. The result may be harsh for the spouse who is not authorized to act as the debtor in possession, but this court must concern itself with the best interests of all creditors and the estate.

Virginia Entz may object to the actions the debtor in possession proposes to take as improper, illegal, or not in the best interests of the estate and its creditors. She may also propose an alternative plan of reorganization in accordance with 11 U.S.C. § 1121. She may not, however, share in the authority the debtor in possession exercises over property of the estate.

This does not mean that this court can ignore Virginia Entz's interests in the community property. According to A.R.S. § 25–214, spouses have equal management rights over community property. With certain limitations, this statute gives either spouse the authority to dispose of community assets and to incur obligations on behalf of the community. It protects creditors who deal with only one spouse. It does not, however, mandate that both spouses have equal voice in the disposition of all significant community assets.

Joinder of both spouses in the disposition of community assets is only required in a

few instances, and the exercise of stock voting rights is not one of them. A.R.S. § 25–214(C). Virginia Entz does not contend that she is the record owner of the stock or is entitled to vote the stock pursuant to the corporation's bylaws or articles of incorporation.

Even if the court authorized Virginia Entz to exercise joint control over the stock voting rights, her refusal to consent to a vote approving a sale and leaseback would not necessarily preclude court authorization of such a transaction. The debtor in possession does have authority to sell estate property out of the ordinary course of business without shareholder approval. 11 U.S.C. § 363(b). Stock voting rights may have some impact if the proposed sale had to be approved as part of a Chapter 11 plan. In that event, equity security holders would be able to vote on confirmation of the plan if their interests were being impaired by the plan. 11 U.S.C. § 1126.

At the hearing on Virginia Entz's motion, it was suggested that neither spouse had the right to vote the stock because the stock had been pledged as security. Insufficient evidence was introduced to show that voting rights had been transferred to a pledgee, but, if true, then this court might lack the authority to provide Virginia Entz the relief she seeks. *See, e.g., Re Heidel House Enterprises, Inc.*, 40 B.R. 932 (Bankr.W.D.Wis.1984); *In re Eastern Bancorporation*, 23 B.R. 474 (Bankr.E.D. Pa.1982).

Finally, even if the court were disposed to grant Virginia Entz the relief she seeks, it might lack jurisdiction to do so. Virginia Entz should not have brought her request for relief before the court in the form of a motion. She should have filed an adversary complaint "to obtain an injunction or other equitable relief" as required by Bankruptcy Rule 7001. *Compare Dahlquist v. First National Bank in Sioux City, Iowa (In re Dahlquist)*, 33 B.R. 101 (Bankr.D.S.D.1983), *with Lahman Mfg. Co., Inc. v. First National Bank of Aberdeen (In re Lahman Mfg. Co., Inc.)*, 33 B.R. 681, 684 (Bankr.D.S.D.1983).