Matter of EAST WIND INDUSTRIES, INC., a Delaware corporation; Clayton-East Wind, Inc., a Delaware corporation; Khem-Cote of East Wind, Inc., a New Jersey corporation; Chem-Pro of East Wind, Inc., a New Jersey corporation; and The East Wind Group, Inc., a New Jersey corporation, Debtors.

EAST WIND INDUSTRIES, INC., a Delaware corporation; Clayton-East Wind, Inc., a Delaware corporation; Khem-Cote of East Wind, Inc., a New Jersey corporation; Chem-Pro of East Wind, Inc., a New Jersey corporation; and The East Wind Group, Inc., a New Jersey corporation, Plaintiffs-Appellees,

v.

UNITED STATES of America, DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE, Defendant-Appellants.

Civ. No. 86–807.

United States District Court,
D. New Jersey.

May 8, 1986.

---

Jo Doig, Princeton Junction, N.J., and Howard Philip Newman, Langhorne, Pa., for plaintiffs-appellees.

David S. Grossman, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellant.

COWEN, District Judge.

## FACTS AND PROCEDURAL HISTORY

Five related corporations, collectively referred to as "East Wind," filed petitions in bankruptcy on August 1, 1984. One of the parties to file a claim in the Bankruptcy Court was the United States. In March, 1985, the IRS notified 5 individuals of proposed assessments against them as the responsible officers or employees of the debtor corporations pursuant to 26 U.S.C. § 6672. Apparently, East Wind had not transmitted various withholding taxes to the IRS and the IRS chose to pursue the responsible officers or employees. On April 15, 1985, East Wind filed an adversary complaint seeking to enjoin the IRS from attempting to assess or collect the 100% penalty against the individuals.

The United States filed a motion to dismiss the adversary complaint, arguing that the debtor lacks standing to adjudicate the tax liability of its responsible officers or employees, that such a claim is outside the jurisdiction of the Bankruptcy Court, that the injunction is barred by the Anti-Injunction Act, and that the U.S. has not waived sovereign immunity.

On October 3, 1985, the Bankruptcy Judge heard oral argument. No testimony was taken nor were any affidavits submitted. With regard to the issues of standing and jurisdiction, the Bankruptcy Judge stated:

I do believe that I have the inherent power under 105 [11 U.S.C. 105] to set that proceeding against the corporate officers, if proceeding against the corporate officers would have a deleterious effect on the reorganization program I would—I have the right [to] enjoin the continuation of such action against the individuals.

Transcript at 15. With regard to the issues of sovereign immunity and the Anti-Injunction Act, the Bankruptcy Judge stated:

I would rule, at this point I will hold that once you have filed the claim and 106 [11 U.S.C. 106] is in effect vis-a-vis the debtor corporations, if I have the authority under 105 to extend an injunction to the individual principles of the debtor corporation, particularly in a situation where the debt involved is related to a corporate debt as it is in this case, the primary obligor for these taxes is the debtor corporations or are the debtor corporations. If 105 extends the right to issue such an injunction, then the filing of a proof of claim by a governmental agency under 106 invokes the same restriction and that is my holding.

I will therefore enter an injunction.

The Bankruptcy Judge determined to permit the IRS to assess the 100% penalty but to enjoin the IRS from taking steps to collect the penalty for one year. On October 23, 1985, the Bankruptcy Court entered an order to this effect. The IRS appeals, raising the same arguments it did before the Bankruptcy Court. East Wind cross-appeals, arguing that there is no basis for the Bankruptcy Court's distinction between assessment and collection. It seeks a modification of the injunction to prevent assessment of the penalty.

DISCUSSION

*Background*

The background for this appeal is the liability of individual officers and employees of a corporation for failure to collect or turn over withholding taxes under 26 U.S.C. § 6672. The reason for this 100% penalty is that if the corporation withholds the taxes but fails to turn the taxes over to the IRS, the government would suffer the loss since the employee could still claim withholding credit. *See, e.g., Hartman v. United States,* 538 F.2d 1336 (8th Cir.1976). The Bankruptcy Judge acknowledged the apparent harshness of this doctrine when he stated, "66—I think I've intentionally blocked that section. I was always uncomfortable when I was in the practice of law. Seek to assess 100 percent penalties against the individuals who are, in fact, officers and directors of the various debtor corporations." Transcript at 2.

It is well established, and East Wind does not dispute, that the liability of the alleged responsible officers is separate and distinct from the liability of the debtor corporations. *See, e.g., Monday v. United States,* 421 F.2d 1210 (7th Cir.1970).

*Jurisdiction of the Bankruptcy Court*

The IRS contends that the Bankruptcy Court does not have jurisdiction over a claim concerning the liability of responsible officers or employees where those individuals are not debtors in bankruptcy. It relies on a recent decision by the Eleventh Circuit involving precisely this issue. That court noted:

The jurisdiction of the bankruptcy courts encompasses determinations of the tax liabilities of debtors who file petitions for relief under the bankruptcy laws. It does not, however, extend to the separate liabilities of taxpayers who are not debtors under the Bankruptcy Code. It is therefore irrelevant that the penalty, if assessed, will adversely affect the corporate debtor's reorganization.

*U.S. v. Huckabee Auto Co.,* 783 F.2d 1546 (11th Cir.1986).

The reasoning of the Eleventh Circuit is persuasive. Indeed, East Wind does not even attempt to distinguish *Huckabee.* Instead, it contends that *Huckabee* was

wrongly decided, arguing that 11 U.S.C. 505(a)(1) grants the Bankruptcy Court jurisdiction to "determine the amount or legality of any tax."

Even without authority to the contrary, it would be difficult to sustain East Wind's argument that the Bankruptcy Court can adjudicate "any tax." The Senate report stated that the section "permit[s] determination by the bankruptcy court of any unpaid tax liability of the debtor...." Senate Report 95–989 (emphasis added). There is no indication that the Bankruptcy Court has jurisdiction over the liability of non-debtors.

■■■ Therefore, the court concludes that the Bankruptcy Court lacks jurisdiction over a claim concerning the tax liability of individuals who are not debtors before the Bankruptcy Court.[1]

*Anti-Injunction Act*

■■ Even if this court were to disagree with the Eleventh Circuit and conclude that the Bankruptcy Court did have jurisdiction over the claim concerning the liability of the individuals, it would nevertheless find that the Bankruptcy Court lacked jurisdiction under the Anti-Injunction Act to enjoin the collection of taxes.

26 U.S.C. § 7421(a) provides:

Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The Third Circuit has explicitly held that the Anti-Injunction Act applies to bankruptcy proceedings. It noted:

However persuasive the arguments against application of [26 U.S.C.] 7421(a) to bankruptcy court adjudications may be, we believe that a bankruptcy court exemption cannot be judicially fashioned without contravening congressional intent.

*Matter of Becker's Motor Transportation,* 632 F.2d 242, 246 (3d Cir.1980). The court specifically disagreed with the Eighth Circuit's contrary decision in *Bostwick v. United States,* 521 F.2d 741 (8th Cir.1975).

East Wind contends that *Becker's* was wrongly decided. This court is simply not in a position to make such a determination.[2]

■■ East Wind also argues that this case falls within the *Enochs* exception to the Anti-Injunction Act. In *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Supreme Court held that the Anti-Injunction Act does not apply where there are no circumstances under which the government can prevail and there are equitable grounds for issuance of the injunction.

East Wind contends that since the government owes East Wind more money (pursuant to a contract) than East Wind owes the government in taxes, the government cannot prevail against the individual officers of the debtor corporations. This theory, while creative, is highly dubious. First, there is simply no proof that the government owes East Wind anything. Second, the Bankruptcy Court did not rely on such a finding. Instead, the Bankruptcy Judge stated, "Are you telling me if the Government doesn't pay me what it owes me under a contract I have a right to set

---

1. At oral argument, counsel for East Wind contended that by adjudicating the individuals' liability the court would also be adjudicating the debtor's liability. Whether or not this is true, the fact that the by-product of an adjudication outside a court's jurisdiction would be an adjudication of an issue within its jurisdiction cannot possibly serve to expand jurisdiction. Such a doctrine would allow, for example, a state law case between citizens of the same state to be maintained in federal court if such an adjudica-tion would, in effect, be an adjudication of a dispute between citizens of diverse citizenship.

2. Indeed, even a panel of the Third Circuit is not in a position to make such a determination. *See* Internal Operating Procedure of the Third Circuit 8.C.; *United Food and Commercial Workers Union, Local 23 v. NLRB,* 788 F.2d 178 (3d Cir.1986).

off by my taxes? I wish it were true, but I kind of feel it ain't so." Transcript at 11.

To evaluate a claim under the *Enochs* test, "the facts and law are examined in the light most favorable to the government." *Flynn v. United States,* 786 F.2d 586, 589 (3rd Cir.1986). In light of the novelty of East Wind's legal theory and the uncertainty concerning the underlying facts, it simply cannot be said that the government cannot prevail on the merits. Thus the *Enochs* exception does not apply.

 East Wind also argues that this case falls within a second exception to the Anti-Injunction Act. In *South Carolina v. Regan,* 465 U.S. 367, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984), the Supreme Court held that the Anti-Injunction Act was not intended to bar injunctions where Congress had provided no other method by which to challenge the government's actions. The Court explained that in the normal case, a taxpayer has the option of paying the tax and filing for a refund. *Id.* at 374, 104 S.Ct. at 1112. In *Regan,* by contrast, the State of South Carolina, which challenged provisions in TEFRA that would limit the tax-exempt status of its bonds, would not itself incur tax liability. Therefore, it could not utilize the standard mechanism of paying and filing for a refund. For this reason, the Court concluded that the Anti-Injunction Act did not bar the state's claim.

In this case, East Wind contends that since it is both expensive and difficult to litigate the 100% penalty assessments and since collection action is not stopped by the mere filing of a claim for refund, this route is not realistically available. East Wind does not explain, however, how the position of its individual officers and employees is any different than the position of any taxpayer faced with a large tax assessment involving complex issues. To accept East Wind's argument in this case would eviscerate the Anti-Injunction Act and undermine the reasoning of *Regan.*

CONCLUSION

Since the Bankruptcy Court lacked jurisdiction to adjudicate the claim concerning the individuals' tax liability and since the injunction issued was barred by the Anti-Injunction Act, the injunction issued by the Bankruptcy Court will be vacated and the matter remanded with instructions to dismiss the debtor's adversary complaint. In light of this conclusion, there is no need to address the issues of standing and sovereign immunity.