**In re Robert Louis FUTRELL, Pearl Johnson Futrell, Debtors.**

**William P. MAROSKI, Plaintiff,**

v.

**Robert Louis FUTRELL and Pearl Johnson Futrell, Defendants.**

Bankruptcy No. 586–00296.
Adv. No. 586–0239.

United States Bankruptcy Court, W.D. Louisiana, Shreveport Division.

Jan. 15, 1987.

David B. Means, III, Mansfield, La., for creditor, William P. Maroski.

M. Daniel LaGrone, Jr., Shreveport, La., for debtors/defendants.

**REASONS FOR JUDGMENT**

WESLEY W. STEEN, Bankruptcy Judge.

**I. Jurisdiction of the Court**

This is a proceeding arising under Title 11 U.S.C. The United States District Court for the Western District of Louisiana has original jurisdiction pursuant to 28 U.S.C. § 1334(b). The United States District Court for the Western District of Louisiana referred all such cases to the Bankruptcy Judge for the district and ordered the Bankruptcy Judge to exercise all authority permitted by 28 U.S.C. § 157.

This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(J); pursuant to 28 U.S.C. § 157(b)(1), the Bankruptcy Judge may hear and determine all core proceedings arising in a case under Title 11 referred under 28 U.S.C. § 157(a), and the Bankruptcy Judge may enter appropriate orders and judgments.

No party has objected to the exercise of jurisdiction by the Bankruptcy Judge. No party has filed a motion for discretionary abstention pursuant to 28 U.S.C.

§ 1334(c)(1) or pursuant to 11 U.S.C. § 305. No party filed a timely motion for mandatory abstention under 28 U.S.C. § 1334(c)(2). No party has filed a motion under 28 U.S.C. § 157(d) to withdraw all or part of the case or any proceeding thereunder, and the District Court has not done so on its own motion.

**II. Facts**

This case was filed on January 30, 1986. The § 341 meeting was held on March 11, 1986.

The notice of the case filing, combined with the notice of the § 341 meeting stated that the bar date for filing objections to discharge was May 12, 1986.

On April 13, 1986, the Plaintiff in this adversary proceeding delivered to the Clerk of Court for filing "Objections to Discharge." The Clerk of Court did not stamp these pleadings as "FILED", but rather stamped them as "Lodged for Filing." Plaintiff's counsel apparently misconstrued the Bankruptcy Law requirements and thought that the objections constituted a contested proceeding and did not style his pleading as a complaint and did not provide the necessary filing fees.

On May 9, 1986, the Clerk of Court received from Plaintiff's counsel a letter that read as follows:

"Enclosed is a proof of claim & attachments in duplicate in the above referenced matter together with objections to discharge of Mr. William P. Maroski. Please file these instruments in this matter."

There was apparently some communication between the Clerk and the attorney for the Plaintiff who then on May 14, 1986 (received by the Clerk on May 15, 1986), communicated by letter as follows:

"Enclosed is our revised complaint, cover sheet, filing fee, and summons and notice of trial in the above referenced matter. If everything is now in order, please return the summons and notice of trial so that service may be made."

The only substantial difference between the "Objections to Discharge" filed April

13 and the "revised complaint" filed May 15 is the change of heading from "Objections to Discharge" to "Complaint to Object to a Discharge."

The Clerk of Court apparently interpreted the "Objections to Discharge" and the "Complaint to Object to a Discharge" as an objection to the dischargeability of a debt under § 523 rather than an objection to entry of an order of discharge under § 727. The Clerk did so in spite of language in the document referring specifically to 11 U.S.C. § 727(a)(2)(A); in defense of the Clerk of Court, the statutory reference appears in the main body of the complaint whereas the prayer that concludes the complaint states: "that, upon the trial herein, the debtors be denied a discharge of those debts reflected in the proof of claim of William P. Maroski filed herein."

Service of the summons and complaint of the adversary proceeding opened May 15 was duly made.

Probably because the Clerk of Court classified the proceeding as an objection to the dischargeability of a debt rather than to the discharge of the debtor, a discharge was entered in the case on May 18, 1986. However, the Clerk has not noticed the entry of the discharge to creditors and parties in interest.

On June 2, 1986, the debtor filed a motion to dismiss the complaint, alleging that the complaint was not timely filed.

If the delivery to the Clerk of the "Objections to Discharge" and their being "Lodged for Filing" by the Clerk on April 13, 1986, constitute a filing of an adversary proceeding necessary to litigate the issue of discharge, then the issue was timely raised. If, however, the "Objections to Discharge" is insufficient to posture the issue for litigation and if the complaint filed on May 15 was the first effective pleading with respect to this issue, then the motion to dismiss the complaint should be granted.

### III. The Law

Section 727(c)(1) provides that: "The trustee or a creditor may *object* to the granting of a discharge under sub-section (a) of this section." [Emphasis supplied.]

Bankruptcy Rule 7001 provides that an objection to discharge is an adversary proceeding. Bankruptcy Rule 7003, by incorporation of Rule 3 of the Federal Rules of Civil Procedure, provides that an adversary proceeding is commenced by the filing of a complaint. Bankruptcy Rule 7005, by incorporation of Rule 5 of the Federal Rules of Civil Procedure, provides in Rule 5(e) that: "The filing of pleadings ... with the court as required by these rules shall be made by filing them with the clerk of the court ..."

Bankruptcy Rule 4004 provides that a complaint objecting to the discharge of the debtor must be filed not later than 60 days after the creditors' meeting required by § 341 of the Code. Rule 4004 further provides that the court shall grant the debtor's discharge unless a complaint has been filed. Rule 9009 of the Bankruptcy Rules prescribes the use of "Official Forms." The Advisory Committee note to Rule 9009 states that: "The use of the Official Forms has generally been held subject to a 'rule of substantial compliance' ..." Bankruptcy Rule 9004 and the Advisory Committee note thereto provides likewise. Rule 9004(b) provides that: "Each paper filed shall contain a caption setting forth the name of the court, the title of the case, the bankruptcy docket number, and *a brief designation of the character of the paper.*" [Emphasis supplied.] The Advisory Committee note to that Rule states: "Failure to comply with this or any other rule imposing a merely formal requirement does not ordinarily result in the loss of rights."

As noted, Rule 9009 prescribes the use of official forms. Official Form No. 34 relates to adversary proceedings. It prescribes the form for the caption of an adversary proceeding; that caption should contain the following title: "Complaint [or other Designation]."

### IV. Conclusions

There does not appear to be any talisman by which one measures the efficacy of a paper to perform the function of a com-

plaint. Rule 10 of the Federal Rules of Civil Procedure, but applicable to bankruptcy via Rule 7010 of the Bankruptcy Rules, provides that: "Every pleading shall contain ... a designation as in Rule 7(a). In the complaint the title of the action shall include the names of all the parties, ..."

■ The "Objections to Discharge" are thus defective (by failure to comply with Rule 7010 and Federal Rules of Civil Procedure Rule 10) in two ways: (i) the name of the plaintiff is not included in the caption; (ii) the pleading is not designated as a complaint "as in Rule 7(a)." With respect to Official Form 34, the "Objections to Discharge" are likewise deficient in that they fail to state the name of the plaintiff; however, Official Form 34 indicates that the word "complaint" is not critical since the form indicates that an "other Designation" is acceptable. The "Objections to Discharge" further violate the requirements of Official Form 34 (and thus Bankruptcy Rule 9009) because it does not have a blank space for the adversary proceeding number in addition to containing the case number.

In summary, the "Objections to Discharge" are certainly deficient. The significance of one of the deficiencies (*i.e.* failure to include the word "complaint" in the caption) is subject to question since the official form indicates that an "other Designation" can be used. The significance of that deficiency is further questioned by the fact that the statute uses the word "objection" which is the term used by the plaintiff.

The purpose of requiring adversary proceedings for certain litigation appears to be the need to invoke the due process solemnities indicative of the significance of the issues litigated. The real issue for decision here is whether the "Objections to Discharge" satisfy those requirements sufficiently to constitute a complaint that might be amended under the Rules. While Rule 9009 requires the use of official forms, Rules 9004 and 9005, and particularly the Advisory Committee note to Rule 9004 indicates that insignificant defects and formal requirement should not prejudice substantive rights. The defects in the "Objections

to Discharge" are essentially the failure to include the plaintiff's name in the caption and the failure to include a blank space for an adversary proceeding number in the caption.

While these defects, and the failure of the complaint to distinguish clearly between objections to discharge under § 727 and objections to dischargeability under § 523, are maddening and have led to substantial delay, the pleading taken as a whole fairly puts the debtor and the court on notice with respect to the claim and the relief sought. There does not appear to be any provision in the Code or in the Bankruptcy Rules that (absent notice and an opportunity to cure) failure to pay the adversary filing fee or to include an adversary cover sheet would be fatal to the complaint.

Therefore, I conclude that the "Objections to Discharge" filed April 13, 1986, satisfy the requirements for a complaint and should have been filed as an adversary proceeding with notation of the failure to pay the adversary filing fee and to provide the cover sheet. The adversary proceeding might have been dismissed for these failures, but the failures by themselves do not appear to be sufficient to classify the pleading as something other than a complaint.

■ A second issue is the failure of the Clerk to mark the "Objections to Discharge" as "FILED" but rather marking them "Lodged for Filing." There is no doubt that the complaint must be filed within the statutory period: Bankruptcy Rule 4004. Nevertheless, "FILED" means that the pleadings "are placed in the possession of the Clerk of the Court." See *Wright and Miller*, §§ 1052 and 1153 in the cases cited therein. If the "Objections to Discharge" constituted a complaint, then they were filed. The cases cited in the referenced treatise apparently do not require the payment of the filing fee nor the providing of a cover sheet in order to constitute filing.

While the practice in question is severely defective, it was in fact served on the debtor, put the debtor on notice of the issues to be litigated.

Therefore, the motion to dismiss is DENIED by separate order entered this date.