In re **MORYSVILLE BODY WORKS, INC.**, Debtor.

**Bankruptcy No. 84–02550T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

July 18, 1988.

Craig S. Boyd, Boyd & Karver, Boyertown, Pa., for debtor.

Iryna A. Krasny, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Morysville Body Works, Inc. ("debtor") has filed a "Petition to Stay" the Internal Revenue Service ("I.R.S.") from collecting from debtor's president and sole shareholder, Ronald G. Updegrave ("Updegrave") the 100% penalty provided by 28 U.S.C. § 6672 arising from debtor's failure to pay

certain taxes. We lack subject matter jurisdiction and must deny debtor's request.[1]

Although the instant chapter 11 case was filed on August 6, 1984, no plan has yet been filed. In October of 1986, the Internal Revenue Service filed a federal tax lien against Updegrave, assessing a 100% penalty[2] in the amount of $116,241.78 for the non-payment by debtor of employer taxes. The corresponding notice of levy, dated October 30, 1986, indicated that the I.R.S. had levied on Updegrave's assets in the amount of $122,041.97. On February 23, 1987, debtor filed a document captioned "Petition to Stay Internal Revenue Service Proceedings," in which it alleges that continued collection against Updegrave would "render meaningless" the protections afforded by the Code. Debtor served on the I.R.S. a "notice of hearing," a form used in our local motion practice. The corresponding certificate of service, dated March 4, 1987, shows service by mail on the I.R.S. at its Reading, Pennsylvania office. The I.R.S. immediately responded with a motion to dismiss, alleging lack of subject matter and personal jurisdiction, insufficiency of process and insufficiency of service of process.[3] On that same day, debtor filed another certificate of service indicating that service had been made upon the U.S. Attorney for the Eastern District of Pennsylvania and upon the U.S. Attorney General in Washington, D.C.

A hearing was held, but no testimony was taken. The parties have filed memoranda outlining their respective positions.

## I. PROCEDURAL ISSUES

The I.R.S. argues that a proceeding for equitable or injunctive relief must be filed and served in accordance with the rules governing adversary proceedings. We agree that debtor's use of a "petition" and its initial failure to serve the appropriate authorities creates defective service. We disagree that these defects are fatal.

As a general proposition, this court is willing to overlook an error in presenting a complaint by motion, or vice versa. *See e.g., In re Magnus*, 84 B.R. 976, at 979 n. 8 (Bankr.E.D.Pa.1988); *In re Veasy*, 43 B.R. 396, 397 (Bankr.E.D.Pa.1984). Our authority to do this flows from Rule 8(f),[4] *In re Burckardt*, 8 B.R. 327, 330 (Bankr.D.P.R. 1980); express or implied consent of the parties, *see e.g., In re Crabtree*, 51 B.R. 521, 523–24 (Bankr.E.D.Tenn.1985); and Rule 10[5], *see e.g., Markosi v. Futrell (In re Futrell)* 69 B.R. 378, 380 (Bankr.W.D. La.1987), *City Bank & Trust Co. v. King (In re King)*, 35 B.R. 471 (Bankr.N.D.Ill. 1983) (interpreting corresponding interim rules). Our ability to overlook such structural deficiencies has become so accepted that it is often done as a matter of course, without further discussion. *See e.g., In re Veasy*, 43 B.R. 396, 397; *Doran v. Treiling (In re Treiling)*, 21 B.R. 940, 941 n. 1 (Bankr.E.D.N.Y.1982). Indeed, the only court to have considered such incorrectly formatted pleadings in a factually analo-

1. Since this type of proceeding should have been captioned and served as a complaint, we issue our opinion in the form of the findings of fact and conclusions of law required by N.B.R. 7052.

2. That penalty is described in the Internal Revenue Code:

§ 6672 Failure to collect and pay over tax, or attempt to evade or defeat tax

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

26 U.S.C. § 6672. It is often referred to as the "100% penalty" or a "responsible person" penalty.

3. Because we hold that we lack subject matter jurisdiction, we need not reach the issue of personal jurisdiction, and the parties' analysis of sovereign immunity, the anti-injunction act and 26 U.S.C. § 7421.

4. N.B.R. 7008 incorporates Fed.R.Civ.P. 8, which provides that pleadings be construed so as to work substantial justice.

5. N.B.R. 7010 incorporates Fed.R.Civ.P. 10, which identifies the structure and elements of a pleading.

gous 26 U.S.C. § 7421 context ignored debtor's errors in format and focused on the substance of debtor's argument. *A & B Heating and Air Conditioning v. United States* (*In re A & B Heating and Air Conditioning*), 48 B.R. 397 (Bankr.M.D. Fla.1985), *rev'd on other grounds*, 57 B.R. 360 (M.D.Fla.1985).

Another group of cases, however, represents a per se prohibition against treating a pleading as having been filed in the correct format. These cases rely on the need to construe all procedural rules strictly. *See e.g., In re Entz*, 44 B.R. 483, 485, Bankr.L. Dec. para. 70,151 (Bankr.D.Az.1984) (dicta); *Dahlquist v. First Nat'l Bank* (*In re Dahlquist*), 33 B.R. 101, 103 (Bankr.D.S.D.1983) (no case law or other support for conclusion); *In re Aerodex, Inc.*, 2 B.R. 49, 50 (Bankr.S.D.Fla.1979) (procedural defect was one of the two reasons for denying relief). *See also Fuerst v. Anderson* (*In re Anderson*), 5 B.R. 47, 50, 2 C.B.C.2d 616 (Bankr.N.D.Ohio) (unique procedural aspect of the case made it unjust to overlook the error in pleading).

The parties have shown us no unique aspect of this case that would justify a retreat from the liberal interpretation we accorded the pleadings in *Magnus* and *Veasy*. Far more drastic relief has been ordered in the name of equity.

The I.R.S. also alleges that *service* of these papers was improper. Had this matter been filed in its correct format, as a complaint, service would have been governed by N.B.R. 7004, which requires service upon the U.S. Attorney for the Eastern District of Pennsylvania and the Attorney General in Washington, D.C.[6] Debtor does not attempt to excuse this deficient service. Eight days after the initial, defective attempt at service, still within the generous 35 day answer period provided to the government by N.B.R. 7012, debtor filed another certificate of service indicating that it had effectuated service upon the appropriate officials.

Neither party refers us to N.B.R. 7004(h), which reads:

(h) Amendment. At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights to the party against whom the process issued.

These broad equitable powers are echoed in N.B.R. 9005, which incorporates Rule 61 of the Federal Rules of Civil Procedure, and which provides: "When appropriate, the court may order the correction of any error or defect or the cure of any omission which does not affect substantial rights."

The I.R.S. has not demonstrated any prejudice or an impact on any substantial rights. In point of fact, they were able to file a timely, complete response. We hold that Debtor has effectively amended service through its second attempt at service.

## II. SUBJECT MATTER JURISDICTION

▇ The jurisdiction issue in this case pits two widely divergent positions against each other. One view, originally the minority, holds that the liability of a corporate officer responsible person taxes is totally separate and distinct from the liability of the corporate debtor. Thus, the challenge of a § 6672 penalty is outside the scope of the court's jurisdiction. *See e.g., United States v. Huckabee Auto Co.*, 783 F.2d 1546 (11th Cir.1987). It is irrelevant that imposition of the § 6672 penalty might affect a corporate debtor's ability to reorganize; jurisdiction simply does not extend to individuals. *Id.* at 548. *See generally, United States v. Rayson Sports, Inc.*, 44 B.R. 280 (N.D.Ill.1984) (combining jurisdiction and standing arguments).

The other view, formerly the majority position, relies on statutory jurisdictional provisions to hold that jurisdiction exists to enjoin the I.R.S. The first of these is former 28 U.S.C. § 1471, which provided:

\* \* \* \* \* \*

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction

---

**6.** Even if this were an N.B.R. 9014 motion, debtor's initial attempt at service was defective by virtue of its failure to comply with N.B.R. 7004. *See* N.B.R. 9014.

on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

28 U.S.C. § 1471, repealed by Pub.L. No. 98–353 (1984).[7]

The second source is the Code itself:

505. Determination of Tax Liability.

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505. *See e.g., In re Becker's Motor Transport, Inc.,* 632 F.2d 242, 2 C.B.C.2d 1078, 6 B.C.D. 1014, Bankr.L.Dec. para. 67,605 (3d Cir.1980); *In re Major Dynamics, Inc.,* 14 B.R. 969, 5 C.B.C.2d 511, 8 B.C.D. 376 (S.D.Cal.1981); *In re H & R Ice Co., Inc.,* 24 B.R. 28, 9 B.C.D. 941 (W.D.Mo.1982); *Jon Co. v. United States (In re Jon Co., Inc.),* 30 B.R. 831, 9 C.B.C. 2d 1, 10 B.C.D. 1005 (D.Col.1983); *In re Original Wild West Foods, Inc.,* 45 B.R. 202, 11 C.B.C.2d 1447, Bankr.L.Rep. para. 70,189 (Bankr.W.D.Tex.1984); *Steel Products, Inc. v. United States (In re Steel Products, Inc.),* 47 B.R. 44, 12 C.B.C.2d 509, 12 B.C.D. 1055 (Bankr.W.D.Wash 1984); *J.K. Printing Services v. United States (In re J.K. Printing Services),* 49 B.R. 798 (Bankr.W.D.Va.1985). One case goes so far as to say that these jurisdictional provisions cover third party creditors. *In re Major Dynamics, Inc.,* 14 B.R. 969.

The language of § 505(a) does not, on its face, limit coverage to debtors. *In re Original Wild West Foods, Inc.,* 45 B.R. 202, 206. *Accord, In re Jon Co., Inc.,* 30 B.R. 831, 833. Thus, under the plain meaning rule, we would have no choice but to include officers such as Mr. Updegaard within the scope of § 505(a) protection. *In re Major Dynamics, Inc.,* 14 B.R. 969, 972. We are not persuaded that the plain meaning rule should be applied to § 505 to find jurisdiction. Recent Third Circuit opinions suggest that the "plain" meaning of § 505 may not be as "plain" as some courts have suggested. *See* discussion, *supra* at pp. 11. Further, this "plain meaning" analysis would turn us into a new breed of tax court judges. If we have the authority to decide any tax, irregardless of the identity of the hapless assessee, we would double our workload with a thicket of issues requiring the specialized expertise of our colleagues on the tax court. *See generally, In re Interstate Motor Freight System,* 62 B.R. 805, 809, Bankr.L.Dec. 71,237 (Bankr.W.D. Mi.1986).

Section 1471 no longer provides an independent basis for jurisdiction since it has been repealed with the enactment of BAFJA. The new jurisdictional provisions are found at 28 U.S.C. § 1334:

(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

The broad scope of matters that may be heard by bankruptcy judges is identified in 28 U.S.C. § 157:

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11,

---

**7.** The furor surrounding the interpretation of 28 U.S.C. § 1471 in the *Northern Pipeline* decision prompted enactment in 1984 of the Bankruptcy Amendments and Federal Judgeship Act ("BAFJA"). The title 28 provisions were repealed by BAFJA § 113 and § 122(c). *Cf.* § 121(a) of BAFJA. *See also Northern Pipeline Const. Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

444

or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under § 157 of this title.

This section has been interpreted in the § 6672 pass-through tax liability context. *Campbell Enterprises, Inc. v. United States,* 66 B.R. 200, 204 (Bankr.D.N.J. 1986); *In re Educator's Inv. Corp. (Gennari v. United States Department of Treasury),* 59 B.R. 910, 913 (Bankr.D.Nev. 1986) (bankruptcy court lacks jurisdiction "to hear an unrelated proceeding to determine the tax liability of a non-debtor or to enjoin the assessment of a tax against a non-debtor where the determination or assessment does not involve any issues of bankruptcy law, does not involve property of the estate or of the debtor, and could not have any effect on the bankruptcy estate ...," citing *Huckabee); In re Vermont Fiberglass, Inc.,* 76 B.R. 358, 366, 17 C.B.C. 2d 675, 16 B.C.D. 713 (Bankr.D.Vt.1987) (court has jurisdiction, relying on *Campbell); In re John Renton Young, Ltd.,* 87 B.R. 635 (D.Nev.1988) (court has jurisdiction because the collection of these taxes will interfere with debtor's ability to reorganize).

In analyzing the Third Circuit cases which discuss subject matter jurisdiction under 28 U.S.C. § 1334 and § 157, we discover significant dicta from the Third Circuit Court of Appeals that serves to guide our decision.[8] Two cases are of particular significance.

The United States District Court for the District of New Jersey has issued an opinion in which it labeled "persuasive" *Huckabee's* conclusion that 28 U.S.C. § 1471 and Code § 505 did not confer subject matter jurisdiction. *East Wind Industries, Inc. v. United States (In re East Wind Industries, Inc.),* 61 B.R. 408, 411, Bankr.L.Dec. para. 71,176 (D.N.J.1986). Rejecting the

argument that § 505 provides a basis for jurisdiction, the court noted:

The Senate report stated that the section 'permit(s) determination by the bankruptcy court of any unpaid tax liability of the debtor ...' Senate Report 95–989 (emphasis added). There is no indication that the bankruptcy court has jurisdiction over the liability of non-debtors.

*Id.* 61 B.R. at 411. The court also dismissed debtor's argument that by adjudicating the liability of the individual officers, the court would also be adjudicating debtor's liability. *Id.* 61 B.R. at 411, n. 1. *Cf. In re Campbell,* 66 B.R. 200 (Bankr.D. N.J.1986) (court found that matter was a core proceeding under 28 U.S.C. § 157, and that imposition of the tax on debtor's officer would adversely impact the reorganization).

The Third Circuit's pronouncement on this issue is in the form of dicta, but we find it persuasive. *In re Ribs–R–Us, Inc.,* 828 F.2d 199 (3d Cir.1987). In this case, the United States filed objections to the confirmation of a chapter 11 plan which directed the allocation of federal tax payments between trust fund and non-trust fund elements of the debtor's tax liabilities. The Court was forced to analyze the validity of this designation provision, in the process of which it distinguished voluntary tax payments, in which the taxpayer may designate the tax liability to which the payment is to be applied, from involuntary payments, which may not be so designated. *Id.* 828 F.2d at 201. Debtor argued, in part, that § 1129(a)(9)(C), under which a reorganization debtor is given six (6) years to pay its taxes, subordinates the federal policy for protection of revenue (as expressed in the provisions allowing collection of "responsible person" taxes), to "the competing federal policy of promoting successful chapter 11 reorganizations." *Id.*

8. There is a long line of cases upon which we do not rely because they focus on the more general question of whether 11 U.S.C. § 105 empowers a court to enjoin non-debtor third parties. *See e.g., In re Monroe Well Service,* 67 B.R. 746 (Bankr.E.D.Pa.1986). Under the principle of *ejusdem generis* we must interpret the more narrow provisions of § 505. Even if we consid-er our authority under § 105, the policy concerns raised by § 505 (such as the danger that we could become a tax court possessing unlimited jurisdiction) would be factors in our analysis. Further, the analysis in *Ribs–R–Us, see* discussion *supra* at p. 11, prevents us from applying the liberal analysis found in cases such as *Monroe Well Service.*

828 F.2d at 203. Although raised in a different factual context in the *Ribs–R–Us* opinion, this is the exact question we face in the instant case.

The *Ribs–R–Us* court cited *Huckabee* as reaffirming "... the continued vitality of section 6672 and the policy to protect government revenue that underlay its enactment, even in the context of a chapter 11 reorganization." *Id.* 828 F.2d at 204.[9] The court emphasized *Huckabee's* conclusion that the officer bears a separate and distinct tax liability. *Id.*

Before citing *Ribs–R–Us* as controlling, we must return to an earlier Third Circuit opinion that can reasonably lead one to reach a contrary conclusion. *In re Becker's Motor Transport, Inc.,* 632 F.2d 242. *Becker's* was a 1980 chapter XI proceeding under the Bankruptcy Act in which the court was required to determine whether it had jurisdiction to determine the personal liability of an arranged debtor seeking declaratory and injunctive relief against collection of tax claims in a reopened proceeding. *Id.* 632 F.2d at 244. The court relied on § 2(a) of the Act, which conferred on the bankruptcy court the jurisdiction to "(h)ear and determine ... *any question* arising as to the amount or legality of any unpaid tax, whether or not previously assessed." The Third Circuit held that this section served to confer jurisdiction. *Id.* 632 F.2d at 246.

There is no doubt that the language of Act § 2(a), as cited by *Becker's,* is quite similar to the language of current Code § 505. *Ribs–R–Us,* of course, does not address Act § 2(a). The *Ribs–R–Us* court does address § 505, but only for the proposition that it does not give the court the power to direct application of tax payments to specific tax liabilities. 828 F.2d 199, 204,

n. 4. Would the Third Circuit now rule that § 505 confers subject matter jurisdiction? We think not. Using § 505 as a basis for asserting jurisdiction would effectively shield the corporate officer from paying the pass-through taxes. The debtor, of course, receives limited protection from the automatic stay[10] and 11 U.S.C. § 1129(a)(9)(C).[11] Thus, the government would be foreclosed from collecting. This is contrary to the policy of protecting government revenue, as upheld in *Ribs–R–Us.*

Similar analysis would apply to an attempt to assert jurisdiction under 28 U.S.C. §§ 157, 1334. Assuming that this is a core proceeding, we would still be forced to consider the policies underlying the bankruptcy code (including the importance of rehabilitating the debtor) and the tax code (including the importance of protecting the government's sources of revenue). *Ribs–R–Us* suggests that the later policy has "continued vitality" in a bankruptcy context. Accordingly, we are persuaded that we lack subject matter jurisdiction.

Our conclusion places us squarely in the new majority—those cases refusing to find subject matter jurisdiction in similar situations. The Eleventh Circuit's *Huckabee* opinion presaged a major shift in the majority and minority views on this question. Since *Huckabee,* the Courts of Appeals ruling on the question have found that they lack subject matter jurisdiction. *See e.g., In re A & B Heating & Air Conditioning,* 823 F.2d 462, 465; *In re Ribs–R–Us,* 828 F.2d 199, 204; *In re LaSalle Rolling Mills, Inc.,* 832 F.2d 390, 392 n. 6 (relying on the jurisdictional provisions of the anti-injunction act and not the more traditional subject matter jurisdiction review); *In re*

9. *Huckabee* has been cited by other courts which, like the *Ribs–R–Us* court, were weighing the distinction between voluntary and involuntary payments. *See e.g., In re A & B Heating & Air Conditioning,* 823 F.2d 462, 465 (11th Cir. 1987).

10. Many of the protections of the automatic stay apply only to actions against the debtor, or against property of the debtor/estate.

11. The Code provides that a chapter 11 plan shall be confirmed only if
(c) with respect to a claim of a kind specified in section 507(a)(7) of this title, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount of such claim.
11 U.S.C. § 1129(a)(9)(C).

*Brandt–Airflex Corp.*, 843 F.2d 90, 96 (2d Cir.1988) (discussing § 3585 of the tax code, not § 6672, but using similar jurisdictional analysis).